UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:21-cv-01490-MSS-JSS

JUNE VAN SCOYOC,
 Plaintiff,

v.

CITY OF BELLEAIR BEACH, GLENN R GUNN, PERSONALLY AND IN HIS OFFICIAL CAPACITY AS VICE MAYOR OF BELLEAIR BEACH, COUNCILWOMAN JODY J. SHIRLEY, PERSONALLY AND IN HER OFFICIAL CAPACITY AS BELLEAIR BEACH COUNCIL MEMBER, COUNCILWOMAN RITA T. SWOPE, PERSONALLY AND IN HER OFFICIAL CAPACITY AS BELLEAIR BEACH COUNCIL MEMBER, TOWN OF BELLEAIR SHORE, BARBARA A. COLUCCI, PERSONALLY AND IN HER OFFICIAL CAPACITY AS BELLEAIR SHORE TOWN CLERK, RICK COLLUCI, KEITH D MACARI, MARK J. GOLDMAN, COUNCILMAN MICHAEL DAVID GATTIS, PERSONALLY AND IN HIS OFFICIAL CAPACITY AS BELLEAIR BEACH COUNCIL MEMBER, AND WENDY LEE GATTIS,
 Defendants.
_____/

**DEFENDANT, MARK J. GOLDMAN'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE AND DECLARATORY RELIEF AND JURY DEMAND OR, IN THE ALTERNATIVE, TO STRIKE PUNITIVE DAMAGE CLAIMS FOR COUNTS III AND IV**

Defendant Mark J. Goldman ("Goldman"), through counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files his motion to dismiss Plaintiff's First Amended Complaint for failure to state valid causes of action as against Goldman or, in the alternative, to strike the punitive damage claims contained in Counts III and IV and in support thereof states as follows:

## Introduction and Factual Allegations

Defendant Goldman seeks to dismiss all counts of Plaintiff's First Amended Complaint for failure to state causes of action for which relief may be granted. Specifically, the First Amended Complaint does not sufficiently allege that Goldman is a state actor against whom a § 1983 claim may be made, and therefore Counts I and II must be dismissed. Count III for civil conspiracy must be dismissed because there is no valid civil wrong tort upon which count is based. Count IV does not sufficiently allege any statement made by Goldman and therefore should also be dismissed. Finally, the punitive damages claims contained in Counts III and IV should be stricken as premature.

Plaintiff's lawsuit alleges the existence of a grand conspiracy in which the City of Belleair Beach, Town of Belleair Shore, and certain individual government

officials (the "government Defendants") plotted to violate Plaintiff's civil rights by removing her as chairperson of the Belleair Beach Parks and Recreation Board in retaliation for speaking out against defendant Barbara Colucci at a Belleair Shore commission meeting on June 16, 2020. *See* First Amended Complaint, ¶ 25 – 26. Plaintiff asserts that her removal as chairperson violates 42 U.S.C. § 1983 as she was denied her First Amendment right to free speech and her Fourteenth Amendment right to equal protection. *See* First Amended Complaint, ¶ 53, 64.

Inexplicably, Plaintiff attempts to lump in Defendant Goldman, a private citizen, with the Government Defendants in their alleged scheme to violate her civil rights with a single, cursory allegation that Goldman "[a]t some point thereafter… joined the Conspiracy." *See* First Amended Complaint, ¶ 28. The First Amended Complaint is devoid of any other allegations attempting to tie Goldman to the Government Defendants and the alleged conspiracy to remove Plaintiff from her position in violation of her civil rights. In fact, Plaintiff identifies various personal relationships between co-defendants but fails to include Goldman because no such personal relationship exists between him and the other defendants. *See* First Amended Complaint, ¶ 31. Additionally, attached as Exhibit A to the First Amended Complaint is a notice of intent to sue which was sent to "all of the relevant Defendants" regarding Plaintiff's removal from her board position, which does not name or mention Goldman at all. *See* First Amended Complaint, ¶ 32,

Exhibit A. Subsequent allegations regarding political rallies in front of Plaintiff's home, letter writing campaigns, and comments regarding the instant lawsuit on social media also fail to identify Goldman as a conspiracy participant, although other co-defendants are identified. *See* First Amended Complaint, ¶ 34 – 44.

Counts I and II of the First Amended Complaint assert 42 U.S.C. §1983 claims against Goldman for alleged violations of Plaintiff's First and Fourteenth Amendment rights, but fail to assert any facts against Goldman. Notably, Count II specifically places the basis for the count on "City Counsel's actions," which could not include Goldman as he is neither alleged to be nor actually a member of any City Counsel.  *See* First Amended Complaint, ¶ 65.

Count III of the First Amended Complaint asserts a civil conspiracy claim against Goldman, but again fails to provide any valid basis for the assertion in the allegations. Specially, Count III alleges civil conspiracy on the basis of Plaintiff's §1983 claims as well as for the alleged crimes of harassment under § 784.048(1)(a) and cyberstalking under § 784.048(1)(d), both of which constitute first degree misdemeanors or third degree felonies if repeated. *See* § 784.048(2) – (3).

Count IV of the First Amended Complaint asserts a defamation claim against Goldman for alleged statements Goldman made at a September 2, 2020 Belleair Beach public city council meeting but fails to sufficiently plead the

alleged statements on which Count IV is based. *See* First Amended Complaint, ¶ 30, 86 – 95.

Counts III and IV of the First Amended Complaint further include an improperly pled claim for punitive damages. *See* First Amended Complaint, Wherefore Clause of Counts III and IV.

### Standard of Review

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Vernon v. Medical Management Associates of Margate, Inc.*, 912 F. Supp. 1549 (S.D. Fla. 1996). In reviewing a motion to dismiss, the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true. *SEC v. ESM Group, Inc.*, 835 F. 2d 270 (11th Cir. 1988).

"Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Jackson v. BellSouth Telecommunications*, 372 F. 3d 1250 (11th Cir. 2004). Conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal. *Id.* at 1262.

Furthermore, a heightened pleading requirement applies to § 1983 claims against individuals, and plaintiff cannot rely on vague or conclusory allegations but must allege relevant facts with specificity. *Epps v. Watson*, 492 F. 3d 1240 (11th

Cir. 2007). In such civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. *Fullman v. Graddick*, 739 F. 2d 553 (11th Cir. 1984). Additionally, in § 1983 cases involving conspiracy allegations, a defendant must be informed of the nature of the conspiracy which is alleged; it is not enough to simply aver in the complaint that a conspiracy existed. *Id.* at 557.

## Legal Argument

I. <u>The 42 U.S.C. §1983 Counts – Counts I and II</u>

Plaintiff has failed to state a § 1983 claim against Goldman because the First Amended Complaint fails to allege any facts to support a conclusion that Goldman acted under color of law as a state actor, which is required for the maintenance of such an action against him. *Harvey v. Harvey*, 949 F. 2d 1127 (11th Cir. 1992) (Motions to dismiss § 1983 counts affirmed where complaint failed to sufficiently allege that private defendants were state actors); *Patrick v. Floyd Medical Center*, 201 F. 3d 1313 (11th Cir. 2000) (To obtain relief under § 1983, plaintiff must show that she was deprived of a federal right by a person acting under color of state law). Only in rare circumstances can a private party be viewed as a "state actor" for § 1983 purposes. *Harvey* at 1130.

To hold that private parties are state actors, the court must conclude that plaintiff has sufficiently pled allegations that pass muster under one of the

following three tests: 1) the allegations show the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("state compulsion test"); 2) the allegations show that private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or 3) the allegations show that the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test"). *National Broadcasting Co., Inc. v. Communications Workers of America, AFL-CIO*, 860 F. 2d 1022 (11th Cir. 1988).

As stated above, the sole allegation in the First Amended Complaint relevant to the § 1983 claims directed to Goldman merely alleges the conclusory assertion that Goldman "joined" a conspiracy "at some time" to violate Plaintiff's civil rights. There are no allegations that Goldman violated Plaintiff's constitutional rights, much less that he did so under coercion or encouragement by state actors, that Goldman performed a public function that was traditionally the exclusive prerogative of the Government Defendants, or that the Government Defendants had so far insinuated itself into a position of interdependence with Goldman that they jointly participated in the violation of Plaintiff's civil rights. Thus, Plaintiff's allegations do not sufficiently allege that Goldman was a state actor and therefore liable under a § 1983 cause of action and Count I and Count II must be dismissed.

Even if Plaintiff had sufficiently asserted allegations to establish that Goldman was acting under color of law (which she has not), Counts I and II fail to state valid § 1983 actions as they consist largely of disjointed legal conclusions, are woefully lacking in factual specificity, and do not meet the heightened pleading requirements for § 1983 claims. In Count I, Plaintiff cites *Bennett v. Hendrix*, 423 F. 3d 1247 (11th Cir. 2005) for the proposition that a plaintiff must establish that her speech was constitutionally protected, but fails to identify the actual speech for which Plaintiff claims constitutional protection. Without specifically pleading Plaintiff's actual speech, it is impossible to determine if such speech is in fact constitutionally protected, and therefore whether a basis for a § 1983 claim exists. Thus, Count I should be dismissed.

In Count II, Plaintiff cites binding 11th Circuit case law, *Leib v. Hillsborough Cnty. Pub. Transp. Com'n*, 558 F. 3d 1301 (11th Cir. 2009), *Campbell v. Rainbow City*, 434 F. 3d 1306 (11th Cir. 2006), and *Griffin Indus., Inc. v. Irvin*, 496 F. 3d 1189 (11th Cir. 2007), for the proposition that a plaintiff must identify comparators in her pleading in order to show treatment different from others similarly situated. *See* First Amended Complaint, ¶ 68 – 72.

For some reason, Plaintiff then cites non-binding 7th Circuit case law, *Swanson v. City of Chetek*, 719 F. 3d 780 (7th Cir. 2013), *Fenje v. Feld*, 398 F. 3d 620 (7th Cir. 2005), and *Geinosky v. City of Chicago*, 675 F. 3d 743 (7th Cir.

2012), for the proposition that Plaintiff need not identify comparators in her pleading to state a valid claim as long as "animus is easily obvious." *See* First Amended Complaint, ¶ 73. In any event, Plaintiff neither identifies comparators nor alleges what conduct on Defendants' part constitutes "easily obviously animus" towards her in violation of her Fourteenth Amendment equal protection right. Count II should be dismissed.

II. <u>The Civil Conspiracy Count – Count III</u>

Plaintiff's Civil Conspiracy Count must also be dismissed as against Goldman because the First Amended Complaint fails to allege an actionable underlying civil tort or wrong, which is required to allege a valid cause of action for civil conspiracy. In Florida, the gist of a civil action for conspiracy is not the conspiracy itself, but the <u>civil wrong</u> which is done pursuant to the conspiracy and which results in damage to the plaintiff. *Blatt v. Green, Rose, Kahn & Piotrokowski*, 456 So. 2d 949 (Fla. 3d DCA 1984) (emphasis added). Thus, a cause of action for civil conspiracy exists "only if the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action" if the wrong were done by one person. *Id.* at 951.

In the present matter, Plaintiff improperly bases her civil conspiracy action upon her § 1983 claims and the crimes of harassment and cyberstalking. As stated above, Plaintiff's § 1983 claims must be dismissed against Goldman as they are

9
HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, SUITE 900, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

legally deficient as against Goldman and in general. Accordingly, Plaintiff's civil conspiracy claim must also be dismissed to the extent it is based on the invalid § 1983 counts. Even if they were sufficient (which they are not), the naked assertion that a conspiracy existed between Goldman and the Government Defendants is not sufficient to allege a conspiracy based on § 1983 claims. *See Fullman, supra.*

Count III must also be dismissed to the extent it is based on the crimes of harassment and cyberstalking, as an action for civil conspiracy may only be based on civil wrongs or torts. *See Blatt, supra.* Harassment and cyberstalking as identified by Plaintiff in the First Amended Complaint are not civil wrongs or torts but rather crimes with penal penalties. The Florida Supreme Court has made clear that where a statute imposes a duty, but it provides only administrative or penal penalties for its violation, the court must not judicially imply a private civil cause of action for damages for the violation of the statute. *Murth v. N. Sinha Corp.*, 644 So. 2d 983 (Fla. 1994) (qualifying agent's failure to supervise his corporation's construction project as required by statute which contained regulatory and penal provisions, did not give rise to a private cause of action). The Middle District of Florida has further held that crimes cannot be enforced by a private party, nor can they be the basis of a civil action. *Gerbing v. I.T.T. Rayonier, Inc.*, 332 F. Supp. 309 (M.D. Fla 1971) ("On the contrary, case law indicates that criminal statutes

can neither be enforced by civil action nor by private parties."). Thus, Plaintiff's civil conspiracy action must be dismissed.

### III. The Defamation Claim – Count IV

Plaintiff's defamation claim fails to sufficiently allege any statement made by Goldman and therefore should be dismissed. "To state a cause of action for defamation, in Florida, a plaintiff must allege that (1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Valencia v. Citibank Intern.*, 728 So. 2d 330, 330 (Fla. 3d DCA 1999). If the Plaintiff is claiming that the defamation was an oral statement, then the Plaintiff must plead "the essence of what the alleged defamer said." *Scott v. Busch*, 907 So. 2d 662, 667 (Fla. 5th DCA 2005).

Here, Plaintiff merely alleges that Goldman accused her of "committing the crime of extortion/blackmail" without alleging any actual statements made by Goldman. Thus, Plaintiff has not pled the essence of what Goldman said and Count III for defamation should be dismissed.

### IV. The Punitive Damages Claims of Counts III and IV

Finally, the punitive damages claim contained in Counts III and IV of the First Amended Complaint must be stricken as premature. § 768.72, Florida Statutes, creates a substantive legal right not to be subject to a punitive damages claim unless the trial court makes a determination that there is a reasonable

evidentiary basis for recovery of such damages. The statute provides, in pertinent part:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

§ 768.72(1), Fla. Stat.

§ 786.72 "create[s] a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." *Globe Newspaper Co. v. King*, 658 So. 2d 518, 519 (Fla. 1995). Thus, Plaintiff's punitive damage claims cannot be permitted unless this Court makes an affirmative finding based on submitted evidence. Mere allegations are not enough; the statute requires competent evidentiary support before a punitive damages claim can be permitted. See *Espirito Santo Bank v. Rego*, 990 So. 2d 1088, 1090 (Fla. 3d DCA 2008).

Additionally, the Middle District of Florida has expressly applied § 768.72, Florida Statutes in granting motions to dismiss state punitive damages claims at the

initial pleading stage. *See Neill v. Gulf Stream Coach, Inc.*, 966 F. Supp. 1149 (M.D. Fla. 1997) ("[T]he court places emphasis on the Florida courts' construction and application of the statute as creating a positive right to be free from a punitive damages claim absent a judicial determination that the claim has a reasonable evidentiary basis."). As this case is still in the initial pleading stage, no evidence of any kind has been presented to this court to justify the pleading of punitive damages. Thus, the claims for punitive damages contained in Counts III and IV Plaintiff's First Amended Complaint must be stricken unless and until this Court makes a judicial determination that a punitive damages claim has a reasonable evidentiary basis.

WHEREFORE, Defendant Mark J. Goldman, respectfully requests that this Court enter an order granting his Motion to Dismiss First Amended Complaint, or, in the alternative, striking the punitive damages claims for Counts III and IV as well as for any and all other relief deemed just and proper.

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that she has conferred with Plaintiff's counsel via telephone and email. Plaintiff's counsel opposes the relief sought herein.

Respectfully submitted,

By: /s/ Diana Sun
  IRENE PORTER

Florida Bar No. 567280
DIANA SUN
Florida Bar No. 100808
HICKS, PORTER, EBENFELD
 & STEIN, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131
Tel:   305/374-8171
Fax:   305/372-8038
Primary email:  iporter@mhickslaw.com
dsun@mhickslaw.com
Secondary email: bpaz@mhickslaw.com
eclerk@mhickslaw.com
*Counsel for Defendant, Mark J. Goldman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **10th** day of **August, 2021**, a true and correct copy of the foregoing was filed with the Court's CM/ECF system that will serve a copy via e-mail to the following attorneys of record:

Rook Elizabeth Ringer, Esq.
Lento Law Group, P.A.
222 San Marco Avenue, Suite C
St. Augustine, FL 32084
Tel:   904/602-9400
Fax:   904/299-5400
reringer@lentolawgroup.com
*Counsel for Plaintiff*

By:   /s/ Diana Sun
     DIANA SUN
     Florida Bar No. 100808