UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUNE VAN SCOYOC,

      Plaintiff,

-v-

CITY OF BELLEAIR BEACH, GLENN R. GUNN, personally and in his official capacity as vice mayor of Belleair Beach, COUNCILWOMAN JODY J. SHIRLEY, personally and in her official capacity as Belleair Beach council member, COUNCILWOMAN RITA T. SWOPE, personally and in her official capacity as Belleair Beach council member, TOWN OF BELLEAIR SHORE, BARBARA A. COLUCCI, personally and in her official capacity as Belleair Shore town clerk, RICK COLLUCI, KEITH D. MACARI, MARK J. GOLDMAN, COUNCILMAN MICHAEL DAVIDGATTIS, personally and in his official capacity as Belleair Beach council member; and WENDY LEIGH GATTIS,

CASE NO.: 8:21-cv-1490

      Defendants.

**MOTION TO DISMISS WITH PREJUDICE OF DEFENDANTS TOWN OF BELLEAIR SHORE, BARBARA A. COLUCCI AND RICK COLUCCI[1]**

---

[1] This defendant's name is incorrectly spelled in the First Amended Complaint as "Rick Colluci". The correct spelling is "Rick Colucci".

COMES NOW, the defendants Town of Belleair Shore, Barbara A. Colucci, personally and in her official capacity as Belleair Shore town clerk, and Rick Colucci, (hereafter "the Belleair Shore defendants") by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and move for an Order dismissing the First Amended Complaint (Dkt. 4) with prejudice. As grounds thereof, defendants submit the following:

1.  The plaintiff's First Amended Complaint (hereafter, "the Complaint") alleges that when the Bellaire Beach City Council terminated plaintiff from her volunteer position on the Belleair Beach Parks and Recreation Department, plaintiff's rights under the 1st and 14th Amendment were violated. However, plaintiff concedes that the Belleair Shore defendants were not members of the City Council that voted to terminate plaintiff, were not involved in the decision to terminate the plaintiff, and otherwise had no power to terminate plaintiff. Plaintiff's claims under the 1st and 14th Amendment fail to state a cause of action as they fail to allege (and cannot allege) these defendants acted under color of state law. The constitutional claims should therefore be dismissed with prejudice for failure to state a cause of action.

2.  Plaintiff's civil conspiracy claim fails to connect the Belleair Shore defendants with any specific act or agreement to enter a conspiracy to subject plaintiff to a tort or civil wrong. Plaintiff alleges generally that the Belleair Shore

defendants engaged in constitutionally protected activities, such as protesting and picketing, and fails to allege with particularity an agreement to commit a tort or civil wrong to further a conspiracy. The conspiracy claim should therefore be dismissed for failure to state a cause of action.

3. Finally, the Complaint connects none of the defendants with specific wrongs or activities and causes of action. Plaintiff only alleges generally when she is required to plead with particularity. The Complaint is an impermissible shotgun pleading and should therefore be dismissed.

## I. THE 1ST AND 14TH AMENDMENT CLAIMS FAIL TO STATE A CAUSE OF ACTION AGAINST THE BELLEAIR SHORE DEFENDANTS.

4. The crux of the plaintiff's constitutional claims is that plaintiff was fired from her volunteer position as the chair of the Belleair Beach Parks and Recreation Department. ¶24-26, 53, 64 of Complaint. Plaintiff concedes that the termination was voted upon and passed by the Belleair Beach City Council, "through their powers as council members". ¶26 of Complaint.

5. While plaintiff concedes the termination was effectuated by the authority of the Belleair Beach City Council, plaintiff has dragged into this lawsuit the Belleair Shore defendants that did not vote nor had any authority to vote on the termination. Plaintiff describes the Belleair Shore defendants as:

- The Town of Belleair Shore, a political subdivision of the state of Florida. ¶7 of Complaint.

- Barbara Colucci, a resident of Belleair Beach and the town clerk of Belleair Shore. ¶11 of Complaint.

- Rick Colucci, a resident of Belleair Beach. ¶12 of Complaint.

6. The Complaint fails to allege that the termination of plaintiff was under color of state law as to the Belleair Shore defendants as these defendants had no role in the termination of plaintiff and had no authority to do so. ¶26 of Complaint. A cause of action under 42 U.S.C. §1983 for a deprivation of constitutional rights requires the plaintiff to show they suffered a constitutional deprivation and the defendant acted under color of state law. Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987). The Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment. West v. Atkins, 108 S.Ct. 2250, 2255 (1988).

7. To constitute state action, the deprivation must be caused by exercising some right or privilege created by the State ... or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Id.

8. The plaintiff fails to allege, and cannot allege, how the Belleair Shore defendants acted to deprive the plaintiff of her constitutional rights when the act constituting the alleged constitutional deprivation was not even done by

4

these defendants. The Belleair Beach City Council voted to terminate the plaintiff – the Belleair Shore defendants had no role in the termination. ¶26 of Complaint.

9. The plaintiff has sued two private citizens, Barbara Colucci and Rick Colucci, for constitutional violations. Nowhere does plaintiff allege these defendants acted under color of state law. Nor can plaintiff impute the legislative activities of the Belleair Beach City Council to these defendants. *See*, Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000) (actions of private parties can only be considered state action when the state has "insinuated itself into a position of interdependence" with a private party).

10. To the extent the plaintiff has sued Barbara Colucci in her capacity as town clerk, plaintiff fails to allege, and cannot allege, how the town clerk of Belleair Shore acted under color of state law to remove plaintiff from her position with Belleair Beach when this defendant had no role in the vote to remove her. ¶26 of Complaint.

11. Plaintiff's only mention of the Town of Belleair Shore is to allege it is a political subdivision of the State of Florida and that Barbara Colucci is its town clerk. ¶7, 11 of Complaint. Plaintiff fails to allege that the alleged constitutional deprivation resulted from a custom, policy or practice of the Town. *See*, Monell v. Dept. of Social Servs., 98 S.Ct. 2018, 2037 (1978) (to

establish the liability of a municipality under §1983, plaintiff must show that the constitutional deprivation resulted from a custom, policy, or practice of the municipality). Indeed, plaintiff cannot allege a custom, policy or practice of the Town of Bellaire Shore when the plaintiff was an employee of Belleair Beach and terminated from her position by the Belleair Beach City Council.

12. Plaintiff has failed to state a cause of action for Count I and II of the First Amended Complaint as to the Belleair Shore defendants. The alleged constitutional deprivation, the termination of plaintiff from the position as chair of the Belleair Beach Parks and Recreation Department, resulted from a legal vote of the Belleair Beach City Council. The Belleair Shore defendants cannot be liable to plaintiff for state action undertaken by other actors nor does plaintiff allege these defendants even acted under color of state law. Therefore, Counts I and II of the First Amended Complaint should be dismissed with prejudice.

## II. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR CIVIL CONSPIRACY.

13. To establish a prima facie case of conspiracy under § 1983, plaintiff must allege that the defendants "reached an understanding to violate [her] rights." *See*, Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation and alteration omitted). It is not enough for plaintiff to plead the conclusory allegation that defendants were a member of a conspiracy. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) ("a bare assertion of conspiracy will not

6

suffice."); Marti v. City of Maplewood, Mo., 57 F.3d 680, 685 (8th Cir. 1995) "[T]he [appellants] must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement."). Instead, plaintiff must plead facts to put defendants on notice as to when and how defendants agreed with the other defendants to violate her rights. Bailey v. Bd. of County Com'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) ("the linchpin for conspiracy is agreement, which presupposes communication").

14. In Count III, the plaintiff makes a scattershot allegation that all the defendants engaged in a civil conspiracy to deprive plaintiff of her constitutional rights and otherwise harass and cyberstalk the plaintiff. However, plaintiff alleges no tort or civil wrong that the alleged conspiracy aimed to accomplish nor any agreement to pursue such a course of action.

15. The alleged wrongs committed by all the defendants to further the alleged conspiracy include:

- A letter writing campaign wherein plaintiff's Intent to Sue letter was sent to residents and accurately stating the plaintiff intended to sue "the City and Others". ¶34 of Complaint.

- Encouraging "political rallies in the name of the Republican Party urging people to honk their horns to show support for law enforcement." ¶40, 41 and 43 of Complaint.

- A post on the social media site, NextDoor, commenting on the frivolous nature of the plaintiff's proposed lawsuit. ¶39 of Complaint.

- A generalized allegation that residents of Belleair Beach would be responsible for damages if plaintiff sued the City of Belleair Beach. ¶35, 36 of Complaint.

16. None of the foregoing rise to a tort or civil wrong that can be the foundation of a civil conspiracy. *See*, Blatt v. Green, Rose, Kahn & Piotrokowski, 456 So. 2d 949, 951 (Fla. 3d DCA 1984) (a cause of action for civil conspiracy exists "only if the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action" if the wrong were done by one person). Indeed, all the activities are constitutionally protected expression. *See*, Police Dept. of City of Chicago v. Mosley, 92 S.Ct. 2286, 2292 (U.S. 1972) (picketing involves expressive conduct within the protection of the First Amendment); O'Donnell v. Knott, 283 F.Supp.3d 286, 302 (E.D.Pa., 2017) (non-defamatory social media posts constitutionally protected). In fact, plaintiff does not even allege that any of the activities rise to the level of a tort or civil wrong – she only alleges the activities took place.

17. Plaintiff makes a generalized allegation that the "defendants engaged in harassment and cyberstalking of the Plaintiff" without any description of such actions with any particularity. ¶78 of Complaint. *See*, Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (a complaint may be dismissed because of the conclusory, vague, and general nature of the allegations of conspiracy); *see also*, Geidel v. City of Bradenton Beach, 56 F.Supp.2d 1359, 1367

(M.D.Fla.,1999) (failure of plaintiff to allege, with particularity an agreement between defendants to violate plaintiffs' civil rights subjects Complaint to dismissal).

18. Further, the alleged civil conspiracy appears to be predicated on an attempt to remove the plaintiff as chair of the Belleair Beach Parks and Recreation Department:

> Barbara Colucci *then conspired* with Councilwomen Shirley, Swope, Councilman Gattis, and Gunn (hereinafter, the "Conspiracy"), *to remove the Plaintiff from her position as Chairperson of the Belleair Beach Parks and Recreation Board* through their powers as council members, in retaliation for the Plaintiff speaking against Barbara Colucci. ¶26 of Complaint (emphasis added).
>
> At some point *thereafter*, Wendy Gattis, Rick Colucci, and Goldman *also joined the Conspiracy.* ¶28 of Complaint (emphasis added).

19. While the aim of the conspiracy was to remove the plaintiff as chair of the Belleair Beach Parks and Recreation Department, the allegations of the alleged acts to further the conspiracy occurred *after* the plaintiff had been removed (the plaintiff does not allege the date she was removed from her position but the plaintiff's Intent to Sue letter attached as an exhibit to the Complaint is dated August 18, 2020). ¶32, 33 of Complaint.

20. For example, the plaintiff alleges that a letter was sent to City residents on September 4, 2020. ¶34 of Complaint. Thereafter, "falsehoods" were spread regarding the threatened lawsuit. ¶36 of Complaint. The conspirators allegedly encouraged "harassment" on social medial platforms regarding the lawsuit. ¶39 of

Complaint. Following this, political rallies were staged. ¶40 of Complaint. All these activities occurred *after* the plaintiff's lawyers sent their Notice of Intent to Sue for plaintiff's termination from the Parks and Recreation Department. It is implausible they could have been to further a conspiracy that had already accomplished its alleged aim.

21. The Complaint fails to meet the basic pleading requirements to allege a claim for civil conspiracy. Therefore, Count III should be dismissed.

### III. THE FIRST AMENDED COMPLAINT IS A SHOTGUN PLEADING AND SHOULD THEREFORE BE DISMISSED.

22. The Belleair Shore defendants adopt and reallege the arguments made in Defendants City of Belleair Beach, Glenn Gunn, Jody Shirley, Rita Swope, and David Gattis' Motion for More Definite Statement and Incorporated Memorandum of Law (Dkt. 14). The Complaint is an impermissible shotgun pleading that violates Fed. R. Civ. P. 8(a) (2) or 10 (b). Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).

23. The Complaint fails to separate each claim for relief into a separate count; asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions; and incorporates all the general factual allegations into every count. Plaintiff's Complaint is therefore an impermissible shotgun pleading and should be dismissed.

## IV.  THE BELLEAIR SHORE DEFENDANTS ADOPT AND REALLEGE THE ARGUMENTS MADE BY DEFENDANTS MACARI AND GOLDMAN.

24. The Belleair Shore defendants adopt and reallege the arguments made by defendant Mark J. Goldman in sections I, II and IV of Defendant, Mark J. Goldman's Motion to Dismiss First Amended Complaint for Damages and for Injunctive and Declaratory Relief and Jury Demand or, in the alternative, to Strike Punitive Damage Claims for Counts III and IV (Dkt. 25).

25. The Belleair Shore defendants adopt and reallege the arguments made by defendant Keith Macari in sections I, II, III and IV of Defendant Keith Macari's Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice (Dkt. 23).

WHEREFORE, defendant Town of Belleair Shore, Barbara A. Colucci, personally and in her official capacity as Belleair Shore town clerk, and Rick Colucci move for an Order dismissing the First Amended Complaint with prejudice.

## LOCAL RULE 3.01(G) CERTIFICATION

Undersigned counsel has conferred with counsel for the plaintiff, Gautier Kitchen, by telephone on August 13, 2021, and counsel does object to the relief requested in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the August 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the parties of record.

   */s/ Martin J. Champagne, Jr.*
**THOMAS P. SCARRITT, JR.**
Florida Bar Number: 0378781
**MARTIN J. CHAMPAGNE, JR.**
Florida Bar Number: 0605921
SCARRITT LAW GROUP, P.A.
1405 West Swann Avenue
Tampa, Florida 33606
Telephone: (813) 258-2300
Facsimile: (813) 258-3242
Attorneys for Defendants Town of Belleair
Shore, Barbara A. Colucci and Rick Colucci