UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUNE VAN SCOYOC,

     Plaintiff,

v.                       CASE NO.: 8:21-cv-01490-MSS-JSS

CITY OF BELLEAIR BEACH, et al.,

     Defendants.

_____/

## DEFENDANT, WENDY GATTIS'
## MOTION FOR MORE DEFINITE STATEMENT
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, WENDY LEIGH GATTIS (Ms. Gattis or Defendant) files this Motion for More Definite Statement (Motion) pursuant to Fed. R. Civ. P. 12 (e) and, in support thereof, states as follows:

### RELIEF SOUGHT

Defendant requests the Court grant the Motion directed to Plaintiff's First Amended Complaint (the FAC) (Dkt. 4). This is a "shotgun pleading" to which Ms. Gattis is unable to reasonably frame a meaningful response. The allegations of the FAC, in most instances, are against all "Defendants," making it impossible to know which specific claims and factual allegations are directed to each individual defendant. Additionally, the FAC is full of broad statements about alleged co-conspirators without any factual allegations about which alleged conspirator participated in which alleged event.

## MEMORANDUM OF LAW

### I.     THE FIRST AMENDED COMPLAINT

The FAC eleven Defendants.  In addition to Ms. Gattis, Plaintiff has filed suit against the City of Belleair Beach, Vice Mayor Glenn Gunn, former Councilwoman Jody Shirley, Councilwoman Rita Swope and Councilman Michael David Gattis, the husband of Ms. Gattis (collectively, the Belleair Beach Defendants), the neighboring Town of Belleair Shore (the Town) (¶ 7)[1], its Town Clerk Barbara Colucci (Barbara Colucci) (¶ 11), her spouse, Rick Colucci (Rick Colucci) (¶ 12), and Belleair Beach residents Keith Macari and Mark Goldman (Macari and Goldman) (¶¶ 13, 14).

Plaintiff purportedly seeks to "protect and vindicate fundamental constitutional rights. . . with respect to Defendants' retaliation and restriction on Plaintiff's right to freedom of speech, *and other related issues*." (¶ 1) (emphasis supplied).  Plaintiff, then a member of the City's Parks and Recreation Board but allegedly acting solely as a private citizen, criticized Belleair Shore Town Clerk Barbara Colucci personally "and/or" professionally at a Belleair Shores Town Commission meeting on June 16, 2020. (¶ 25).  Then, in retaliation for the criticism, Barbara Colucci conspired with Shirley, Swope, David Gattis, and Gunn to remove Plaintiff from her position as Chairperson of the City's Parks and Recreation Board. (¶ 26).  David Gattis allegedly remarked that his vote to remove

---

[1] References in this section are to the numbered paragraphs of the FAC unless otherwise noted.

Plaintiff from the Parks and Recreation Board was persuaded by his wife, Wendy Gattis.[2] (¶ 27). Thereafter, Wendy Gattis, Rick Colucci, and Goldman "joined the Conspiracy" (¶ 28), but allegedly joined the conspiracy after the alleged harm (the removal of plaintiff from the Parks and Recreation Board.

Plaintiff further alleges that Defendants Shirley, Swope, Barbara Colucci, Rick Colucci, Dave Gattis, Ms. Gattis, and Glenn Gunn made "false and intentionally defamatory" comments which were communicated to third parties (¶ 29), but does not identify the alleged comments made by Ms. Gattis, to whom the alleged comments were made, or the alleged harm caused by those statements.

Plaintiff alleges that the decision to remove her from the City's Parks and Recreation Board was retaliatory and "not conducted by neutral decisionmakers" due to the personal relationships between Shirley, Swope, Barbara Colucci, Rick Colucci, David Gattis, Ms. Gattis, and Gunn, although Ms. Gattis did not serve on the City Council and therefore did not vote on her removal.

"On or around September 4, 2020", the "Conspiracy" (previously defined in paragraph 26 as comprised of Barbara Colucci, Shirley, Swope, David Gattis, and Gunn, then modified in paragraph 28 to include Ms. Gattis, Rick Colucci, and Goldman) orchestrated a letter campaign wherein the "entire city" of Belleair

---

[2] Including Ms. Gattis as a Defendant for allegedly expressing opinions to her husband on the same subject matter as Plaintiff purports to vindicate in the FAC suggests Plaintiff does not believe Ms. Gattis deserves the same constitutional protection as Plaintiff. Further, as will be set forth in a later motion, the allegations are directly contrary to the video recorded proceedings where Mr. Gattis allegedly made these statements.

Beach received anonymous letters enclosing the notice of claim accompanied by a three-sentence editorial concerning same. (¶ 34). According to Plaintiff, the "clear purpose" of the letter campaign was to make City residents believe they were being sued personally by Plaintiff, a falsehood spread by "the Conspiracy" via third party postings on social media where it was implied that individual City residents would be financially liable for damages flowing from the instant lawsuit. (¶ 36).

After the "Letter Campaign" began, the law firm of Plaintiff's counsel began receiving a "deluge" of harassing communications from Belleair Beach residents who were "riled up by, and acting on behalf of" the Conspiracy (¶ 37), one of whom was co-Defendant Macari, who contacted the law firm by phone and email. (¶ 38). Plaintiff alleges that the Conspiracy urged a variety of third parties to harass her via social media (¶ 39), then staged political rallies in the name of the Republican party urging people to show their support for law enforcement by honking their horns sixty feet from Plaintiff's bedroom windows.[3] [4] (¶ 40). Plaintiff alleges that Swope and Barbara Colucci were present for some of these rallies. (¶ 41). Unnamed individuals were urged to "take up positions" close to Plaintiff's home and cause loud and repeated harassment for a period of about 115 days. (¶ 43). According to

---

[3] Plaintiff astutely notes that these alleged rallies "may seem unrelated." (¶ 40). They certainly do. Indeed, it seems that the only party to whom the protections of the First Amendment extend in Belleair Beach is the Plaintiff herself.

[4] Plaintiff does not inform the Court or the Defendants of the appropriate buffer between her bedroom windows and "political rallies" (other than the implication that sixty feet is insufficient) or how Defendants compelled unknown third persons to honk their car horns while passing sixty feet from her windows.

Plaintiff, the Conspiracy's harassment of Plaintiff continues on social media "to this day." (¶ 44).

Based on the foregoing allegations, Plaintiff brings four counts.  In Count I, Plaintiff incorporates all forty-four factual allegations and then purports to sue "Defendants" for First Amendment retaliation.  (¶¶ 45-62).  Count II purports to assert a claim for an equal protection violation under the Fourteenth Amendment (¶¶ 63-73), but again is asserted against all "Defendants" without distinction, incorporates each and every one of the factual allegations (¶ 63), and purports to make a legal argument as to why Plaintiff should be excused from identifying a similarly situated comparator to support the claim.  Count III purports to assert a state law claim for civil conspiracy against all "Defendants" (¶¶ 74-85), alleging that they have all engaged in harassment and cyberstalking "as detailed previously herein" (¶ 78), but with no allegations specifically directed against Ms. Gattis. Count IV is **not** a claim against Ms. Gattis.

## II.    THE FAC IS A SHOTGUN PLEADING

A shotgun pleading is a complaint that violates either Fed. R. Civ. P. 8 (a) (2) or 10 (b). *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit Court of Appeals identifies four "rough types or categories of shotgun pleadings."  *Weiland*, 792 F.3d at 1321.  The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.*  The second is

a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.  The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. Id. at 1323.  The final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*  The unifying characteristic of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.*

In addition to failing to give defendants adequate notice of the claims against them, shotgun pleadings are routinely rejected because "[e]xperience teaches that unless cases are pled clearly and precisely, issues are not joined, *discovery is not controlled*, *the trial court's docket becomes unmanageable*, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 367 (11th Cir. 1996) (emphasis supplied); *see also Vibe Micro, Inc.*, 878 F.3d at 1293 (remarking more recently that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts").

The FAC is a shotgun pleading under the third and fourth categories identified by the *Weiland* court and Plaintiff should be required to provide a more definite statement consistent with Rule 10, *Iqbal*, and lengthy Eleventh Circuit

6

precedent. The FAC does not separate each cause of action or claim for relief into a different count, and it improperly asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

### A. The FAC does not separate each claim for relief into a different count.

The FAC is a shotgun pleading under the third category identified by the *Weiland* court because it does not separate each claim for relief into a different count. Although the FAC has four counts, all eleven Defendants are sued in the first three numbered counts. The incorporation of every factual allegation into every count impermissibly mixes both the facts and the legal theories supporting the four different counts. Specifically, the failure to state each claim against each Defendant in either a separate count and, in the state-law conspiracy claim, identify the specific wrongful conduct of each alleged conspirator is a violation of Fed.R.Civ.R. 10 (b). *See e.g. Battiste v. Jenne*, 2006 WL 8432517 at *1 (S.D. Fla June 14, 2006).

Specifically, a plaintiff need not separate their claims where they arise out of the same transaction or occurrence and defendants are provided with adequate notice of the allegations applicable to each defendant. *Howard*, 2016 WL 3447514, at *3. In this case, however, Plaintiff has incorporated every alleged fact into every count, including facts which are clearly not relevant to each count and not relevant to each defendant. Since those facts do not arise from the same transaction or

occurrence, the FAC violates Rule 10 (b).  Plaintiff should provide a more definite statement by identifying the specific offending conduct of Ms. Gattis and the factual basis for how that conduct violates legally cognizable right of Plaintiff.

> **B.    The FAC asserts multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions and incorporates all the general factual allegations into every count.**

The FAC is a shotgun pleading under *Weiland*'s fourth category because it asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions and because it incorporates all the general factual allegations into each of the four counts.

> **1.    The FAC asserts multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions.**

The FAC contains multiple allegations against the "Defendants" referenced in an undifferentiated manner relative to their acts or omissions.  The Eleventh Circuit found that a similar complaint was a shotgun pleading in *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) because it was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."  The FAC suffers from the identical problem.

For example, Plaintiff asserts that her removal from the City's Parks and Recreation Board and other alleged conduct constitutes a violation of her

constitutional rights under section 1983, but provides no factual or legal basis for how Ms. Gattis, who is a private citizen and cannot be acting under color of state law, can be constitutionally liable for these actions.  To the extent Plaintiff argues that Ms. Gattis was acting under color of state law, Plaintiff must identify the factual basis and not be grouped in with public officials and non-public officials in an overarching constitutional claim.  Specifically, Ms. Gattis must be put on notice of her alleged role in this claim by identifying her specific acts as well as a factual basis for how she is acting under color of state law.  Ms. Gattis is entitled to adequate notice of the claims against her and the grounds upon which each claim rests. The FAC's repeated lack of differentiation as between the acts and omissions of the various Defendants deprives her of such notice.

### 2.   The FAC incorporates all the general factual allegations into every count.

As noted previously, each of the FAC's four counts incorporates each and every one of the general factual allegations into them without any effort to connect or separate which of the allegations relate to a particular count, rendering it a shotgun pleading.  *See e.g. Barmapov*, 986 F.3d at 1325 (11th Cir. 2021); *Vujin v. Galbut*, 836 Fed. Appx. 809 (11th Cir. 2020); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997). *Pelletier v. Zweifel*, 921 F.2d 1465, 1470 (11th Cir. 1991), abrogated on other grounds by *Bridge v. Phoenix Bond & Indemnity Co.*, 128 S.Ct. 2131 (2008).

The FAC does not provide adequate notice to Ms. Gattis of the claims against her and the facts upon which those claims are predicated, leading to the massive discovery and costs the Eleventh Circuit warned of if the pleading do not comply with Rule 10 (b).  Respectfully, this Court should require Plaintiff to set forth the specific alleged wrongful conduct of Ms. Gattis and not group her alleged conduct in with the conduct of all defendants.  This will permit Ms. Gattis to assert focused discovery and to meaningfully respond to the allegations of the FAC.

## CONCLUSION

The FAC is a shotgun pleading which fails to adequately place Ms. Gattis on notice of the claims against her so she can meaningfully respond to the FAC and so she can assert focused discovery directed toward her alleged conduct.  As such, Ms. Gattis respectfully requests this Court grant the Motion, strike the First Amended Complaint, and require Plaintiff to plead a more definite statement to correct the deficiencies noted herein by (1) clearly specifying which of the Defendants are responsible for which acts or omissions; (2) separating the counts as to each Defendant; and (3) not incorporating unrelated general factual allegations into claims against Ms. Gattis which are unrelated to the claims asserted against her.

## CERTIFICATE OF GOOD FAITH EFFORT

Pursuant to Local Rule 3.01(g), the undersigned counsel conferred with Plaintiff's counsel concerning the resolution of all or part of this Motion and the relief requested herein, and the parties do not agree on the resolution of all or part of the Motion.

s/ John D. Goldsmith
John D. Goldsmith

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 19, 2021, the foregoing was filed with the Clerk of the District Court using the CM/ECF system, which will provide an electronic copy to:

Rook Elizabeth Ringer, Esq.
Lento Law Group, P.A.
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
reringer@lentolawgroup.com
*Attorneys for Plaintiff*

Thomas P. Scarritt, Jr., Esq.
Martin J. Champagne, Jr., Esq.,
Scarritt Law Group, P.A.
1405 West Swann Avenue
Tampa, FL 33606
courtpleadings@scarrittlaw.com
*Attorneys for Defendants,*
*Barbara A. Colucci and Rick Colucci*

Jay Daigneault, Esq.
Randol D. Mora, Esq.
Trask Daigneault, LLP
1001 S. Ft. Harrison Ave., Suite 201
Clearwater, FL  33756
jay@cityattorneys.legal
randy@cityattorneys.legal
jennifer@cityattorneys.legal
*Attorneys for Defendants City of*
*Belleair Beach, Glenn R. Gunn,*
*Jody J. Shirley, Rita T. Swope,*
*and David Gattis*

Irene Porter, Esq.
Diana Sun, Esq.
Hicks, Porter, Ebenfeld & Stein, P.A.
799 Brickell Plaza, Suite 900
Miami, FL  33131
iporter@mhickslaw.com
dsun@mhickslaw.com
bpaz@mhickslaw.com
eclerk@mhickslaw.com
*Attorneys for Defendant,*
*Mark J. Goldman*

s/ John D. Goldsmith
John D. Goldsmith
FBN 0444278
Trenam, Kemker, Scharf, Barkin,
Frye, O'Neill & Mullis, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
Tel:  813-223-7474
Fax: 813-229-6553
jdgoldsmith@trenam.com
idawkins@trenam.com
svanboskerck@trenam.com
*Attorneys for Defendant Wendy Gattis*