## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JUNE VAN SCOYOC,

                                       CASE NO.: 8:21-cv-1490

      Plaintiff,

v.

CITY OF BELLEAIR BEACH, GLENN R. GUNN, personally an in his official capacity as vice mayor of Belleair Beach, COOUNCILWOMAN JODY J. SHIRLEY, personally and in her official capacity as Belleair Beach council member, COUNCILWOMAN RITA T. SWOPE, personally and in her official capacity as Belleair Beach council member, TOWN OF BELLEAIR SHORE, BARBARA A. COLUCCI, personally and in her official capacity as Belleair Shore town clerk, RICK COLLUCI, KEITH D. MACARI, MARK J. GOLDMAN, COUNCILMAN MICHAEL DAVID GATTIS, personally and in his official capacity as Belleair Beach council member; and WENDY LEIGH GATTIS,

      Defendants.

_____/

## DEFENDANTS CITY OF BELLEAIR BEACH, GLENN R. GUNN, JODY J. SHIRLEY, RITA T. SWOPE, AND DAVID GATTIS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

Defendants' CITY OF BELLEAIR BEACH, GLENN R. GUNN, JODY J. SHIRLEY, RITA T. SWOPE, AND DAVID GATTIS (collectively, the "BB Defendants") oppose Plaintiff's Motion to file a second amended complaint, and in support thereof state as follows:

## PROCEDURAL BACKGROUND

1.     Plaintiff commenced this Action by filing the initial Complaint in the U.S. District Court for the Middle District of Florida on June 21, 2001. (Dkt. 1).

2.     Before any of the defendants filed a response, Plaintiff filed the First Amended Complaint on July 4, 2021 (the "FAC"). (Dkt. 4).

3.     On July 27, 2021, the BB Defendants filed a Motion for More Definite Statement and Incorporated Memorandum of Law. (Dkt. 14). The remaining defendants responded to the FAC by filing motions to dismiss or motions for more definite statement. (Dkts. 23, 25, 33, and 35).

4.     Plaintiff, without leave of court or consent by defense counsel, attempted to file the Second Amended Complaint on August 23, 2021. (Dkt. 36).

5.     This Court struck the Second Amended Complaint (the "Proposed SAC") for being improperly interposed. (Dkt. 37).

6.     Plaintiff responded on August 27th by moving the Court to file a Second Amended Complaint, which this Court denied without prejudice on September 2. (Dkts. 38 & 39). This Court denied the motion owing to Plaintiff's procedural oversight of failing to append the proposed amended version of the complaint. (Dkts. 38 & 39).

7.     On September 10, 2021, Plaintiff filed her amended motion seeking leave to file the Proposed SAC. (Dkt. 40).

8.     The Proposed SAC differs from the FAC by adding 19 new paragraphs, including an entire count directed to Defendant Macari.

9.     A diligent review of the Proposed SAC reveals the Plaintiff has willfully failed to cure the defects identified in the BB Defendants' Motion for More Definite Statement filed in response to the FAC. This Court should deny Plaintiff's request to file the Proposed SAC because of the undue prejudice to the BB Defendants and its futility, as framed.

## THE PROPOSED SECOND AMENDED COMPLAINT

The Proposed SAC, like the FAC, names eleven Defendants, including the BB Defendants.[1] The Proposed SAC purportedly "seeks to protect and vindicate fundamental constitutional rights . . . with respect to Defendants' retaliation and restriction on Plaintiff's right to freedom of speech, *and other related issues*." (¶ 1, emphasis supplied). Plaintiff, then a member of Belleair Beach's Parks and Recreation Board but allegedly acting as private citizen, criticized Belleair Shore Town Clerk Colucci personally "and/or" professionally at a Belleair Shores Town Commission meeting on June 16, 2020. (¶ 26). Then, allegedly in retaliation for the criticism, Colucci conspired with

---

[1] As noted in response to the FAC (Dkt. 40), Defendants Gunn, Shirley, Swope, and David Gattis are named "personally" and in their official capacities (Dkt. 4 at 1). Naming them in their official capacities is redundant and unnecessary given that the City is a Defendant. "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly…" Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991); see also Braden Woods Homeowners Association, Inc. v. Mavard Trading, Ltd., 277 So.3d 644, 670 (Fla. 2d DCA 2019).

Shirley, Swope, David Gattis, and Gunn as members of the Belleair Beach City Commission to remove Plaintiff from her position on the City's Parks and Recreation Board. (¶ 27).

The Proposed SAC further alleges that Defendants Shirley, Swope, Barbabra Colucci, Rick Colucci, Dave Gattis, Wendy Gattis, and Gunn made "false and intentionally defamatory" comments which were communicated to third parties via speech and paper. (¶ 30). The Proposed SAC does not describe the comments made, identify when they were made, or to whom they were published. Indeed, though the Proposed SAC characterizes the comments as "intentionally defamatory," and includes two defamation counts, neither of them are directed to the BB Defendants. (¶¶ 94 – 114).

On or around September 4, 2020, the "Conspiracy" (previously defined in paragraph 27 as comprised of Barbara Colucci, Shirley, Swope, David Gattis, and Gunn, then modified in paragraph 29 to include Wendy Gattis, Rick Colucci, and Goldman) orchestrated a letter campaign wherein the "entire city" of Belleair Beach received anonymous letters enclosing the notice of claim accompanied by a three-sentence editorial concerning same. (¶ 35). According to Plaintiff, the "clear purpose" of the letter campaign was to make City residents believe they were being sued personally by Plaintiff, a falsehood spread by "the Conspiracy" via third party postings on social media where it was implied that individual City residents would be financially liable for damages flowing from the instant lawsuit. (¶ 36).

After the "Letter Campaign" began, the law firm of Plaintiff's counsel began receiving a "deluge" of harassing communications from Belleair Beach residents who were "riled up by, and acting on behalf of" the Conspiracy" (¶ 38), one of whom was co-Defendant Macari, who contacted the law firm by phone and email. (¶ 39). Plaintiff alleges that the Conspiracy urged a variety of third parties to harass her via social media (¶ 37 & 40), then staged political rallies in the name of the Republican Party urging people to show their support for law enforcement by honking their horns sixty feet from Plaintiff's bedroom windows. (¶ 41). Plaintiff alleges that Swope and Barbara Colucci were present for some of these rallies. (¶ 42). Unnamed individuals were urged to "take up positions" close to Plaintiff's home and cause loud and repeated harassment for a period of about 115 days. (¶ 44). According to Plaintiff, the Conspiracy's harassment of Plaintiff continues on social media "to this day." (¶ 46).

Based on the foregoing allegations, Plaintiff now proposes a five-count complaint. Initially, it appears only the first three counts are directed to the BB Defendants, though as drafted it is unclear if they are also the subjects of Counts IV and V. In count I, Plaintiff incorporates 44 of the 46 factual allegations[2], "sues Defendants" for First Amendment retaliation, and then launches into what is essentially a memorandum of law. (¶¶ 47-67). Likewise, count two attempts to

---

[2] Though Plaintiff added paragraph 45 in drafting the Proposed SAC, paragraphs 45 and 46 are not incorporated into any of the pre-existing four counts. These paragraphs are incorporated into Count V, but only because the count impermissibly incorporates 95 of the preceding 103 paragraphs, inclusive of all of Counts I through III and a portion of Count IV.

assert a claim for an equal protection violation under the Fourteenth Amendment (¶¶ 68-80), but again is asserted against all "Defendants" without distinction, incorporates all but two of the factual allegations (¶ 68), and continues with an apparent memorandum of law as to why Plaintiff should be excused from identifying a similarly situated comparator to support the claim. In count three, Plaintiff allegedly asserts a state law claim for civil conspiracy against all "Defendants" (¶¶ 81-93), now alleging that they have engaged in harassment and cyberstalking "as detailed previously herein" (¶ 85) and again including a misplaced memorandum of law. Count four appears to attempt to assert a claim for defamation *per se* against Defendant Goldman but, of course, all the same factual allegations are again incorporated into the count. (¶¶ 86-95). Those factual allegations include the claim that Shirley, Swope, Barbara Colucci, David Gattis, Wendy Gattis, Rick Colucci, and Gunn made "false and intentionally defamatory statements," so they are now left to guess whether the incorporation of the allegation into count four requires them to defend it. The same is true as to count five, which purports to assert a defamation *per se* count against Defendant Macari. (¶¶ 104 – 114).

In its current form, the Proposed SAC represents a futile attempt at an amendment that prejudices the BB Defendants by requiring unnecessary temporal and financial expenses to respond to a pleading perpetuating the same defects identified in the Defendants' previous motions for more definite statement and dismissal. (Dkts. 14, 23, 25, 33, and 35).

## MEMORANDUM OF LAW

### I.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15 (a), a party seeking to amend its complaint after it has previously amended the complaint as a matter of course may only amend "by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15 (a). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Ala. Ct. of Crim Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). Even so, timely motions for leave to amend are generally held to a very liberal standard and leave to amend should be freely given when justice so requires. See Fed. R. Civ. P. 15 (a) (2); accord Michael James, LLC v. Pine Ridge Imports of Naples, Inc., 2010 WL 11507194 (M.D. Fla. June 17, 2010). As a result, "the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend." Id. "Substantial reasons justifying a denial include undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment." Id (internal quotations omitted).

The Court should deny Plaintiff's Motion to file the Proposed SAC because in its current form the amendment is futile and prejudicial to the BB Defendants.

## II. THE PROPOSED SAC FAILS TO CURE THE DEFECTS IDENTIFIED IN THE BB DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND REMAINS AN IMPERMISSIBLE SHOTGUN PLEADING.

The Proposed SAC perpetuates the identifiable defects in the FAC because it continues to be a shotgun pleading.

### A. It is Well-Established Law in this Circuit That Shotgun Pleadings are Strongly Disfavored.

The BB Defendants have reviewed the Proposed SAC in detail. Like the FAC before it, it is a shotgun pleading. A shotgun pleading is a complaint that violates either Fed. R. Civ. P. 8 (a) (2) or 10 (b). Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).

Reviewing thirty years of its battle against them in Weiland, the Eleventh Circuit Court of Appeals in 2015 identified four "rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. Id. at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions,

or which of the defendants the claim is brought against." Id. No matter the type, the unifying characteristic of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Id.

The Eleventh Circuit has condemned shotgun pleadings "for decades," Nurse v. Sheraton Atlanta Hotel, 618 Fed. Appx. 987, 990 (11th Cir. 2015) (citing Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), and has "little tolerance" for them. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). In addition to failing to give defendants adequate notice of the claims against them, shotgun pleadings are routinely rejected by the courts of this circuit because "[e]xperience teaches that unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 367 (11th Cir. 1996) (emphasis supplied); see also Vibe Micro, Inc., 878 F.3d at 1293 (remarking more recently that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts").

"Defense attorneys, of course, are not helpless in the face of shotgun pleadings—even though, inexplicably, they often behave as though they are." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126 (11th Cir. 2014). Under the

Federal Rules of Civil Procedure, a defendant faced with a shotgun pleading is not expected to frame a responsive pleading.

While the case law provides for the appropriate motion practice in response to a shotgun pleading, this underscores the futility and prejudice of the Proposed SAC. The BB Defendants should not be prejudiced by being made to respond to a pleading by engaging in protracted motion practice directed to a pleading that fails to comport to well-established standards. This is especially true where the BB Defendants have already identified the defects in a motion directed to the previous iteration of the complaint. (Dkt. 14). With this shotgun pleading out of the way, this Court will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984).

**B.  The Proposed SAC is a Shotgun Pleading.**

The Proposed SAC is a shotgun pleading under the third and fourth categories identified by the Weiland court and Plaintiff should not be permitted to file the Proposed SAC in its current form. Instead, Plaintiff should be compelled to replead consistent with Rule 10, Iqbal, and lengthy Eleventh Circuit precedent. The Proposed SAC does not separate each cause of action or claim for relief into a different count, and it improperly asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

1.   **The Proposed SAC Does Not Separate Each Claim for Relief Into a Different Count.**

The Proposed SAC is a shotgun pleading under the third category identified by the <u>Weiland</u> court because it does not separate each claim for relief into a different count.

Plaintiff may argue that she has separated the Proposed SAC as required into four enumerated counts. But, because all eleven Defendants are sued in the first three numbered counts, and at least one and up to eleven Defendants are sued in the fourth and fifth, the Proposed SAC contains at least thirty-four and possibly forty-four causes of action. Further, the incorporation of every factual allegation into every count may swell the actual causes of action to a much greater number because it impermissibly mixes both the facts and the legal theories supporting the counts. By way of example but not limitation, the incorporation of paragraph 30 of the Proposed SAC into each of the four enumerated counts may mean that the Defendants implicated there are named in all five counts or that the allegation gives rise in part to the causes of action in one through three. The matter is confused further because Plaintiff affirmatively alleges that she seeks relief for constitutional violations "and other related issues." In any event, the failure to state each claim against each Defendant in a separate count is a violation of Rule 10 (b). <u>See</u> <u>e.g.</u> <u>Battiste v. Jenne</u>, 2006 WL 8432517 at *1 (S.D. Fla June 14, 2006)

The BB Defendants recognize that not every count involving multiple claims is a shotgun pleading. See Howard v. Wells Fargo Bank, N.A., 2016 WL 3447514 at *3 (M.D. Fla. June 23, 2016); Amegy Bank Nat. Ass'n v. Deutsche Bank Corp., 917 F.Supp.2d 1228, 1233 (M.D. Fla. 2013). A plaintiff need not separate her claims where they arise out of the same transaction or occurrence and defendants are provided with adequate notice. Howard, 2016 WL 3447514, at *3. This makes sense, because notice is the touchstone of the Eleventh Circuit's shotgun pleading framework, Weiland, 792 F.3d at 1323, but the principal is not applicable here because Plaintiff has incorporated nearly every alleged fact into every count. Indeed, the fifth count incorporates all of three counts and a portion of the fourth. Those facts do not arise from the same transaction or occurrence, and the Proposed SAC consequently violates Rule 10 (b).

Plaintiff should be compelled to file an amended complaint the conforms to established pleading standards.

> **2.   The Proposed SAC Asserts Multiple Claims Against Multiple Defendants Without Specifying Which of the Defendants is Responsible for which Acts or Omissions, and Incorporates All the General Factual Allegations Into Every count.**

The Proposed SAC is a shotgun pleading under Weiland's fourth category for the same reasons: because it asserts multiple claims against multiple defendants without specifying which of the defendants are

responsible for which acts or omissions and because it incorporates all the general factual allegations into each of the five counts.

> i. **The Proposed SAC Asserts Multiple Claims Against Multiple Defendants Without Specifying Which of the Defendants Are Responsible For Which Acts or Omissions.**

The Proposed SAC contains multiple allegations against the "Defendants" referenced in an undifferentiated manner relative to their acts or omissions. The Eleventh Circuit found that a similar complaint was a shotgun pleading in <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001) because it was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." The Proposed SAC suffers from the same problem.

Again by way of example, but not limitation, the Proposed SAC appears to be premised on Plaintiff's removal from the City's Parks and Recreation Board and conduct occurring thereafter. Yet it is not explained how or why private citizens like Wendy Gattis, Rick Colucci, Macari, or Goldman might be called to constitutional account for that removal. Reality indicates that such persons neither appoint nor remove persons from City boards, despite whatever adjacence they may have to the elected officials sued. If they are alleged to possess such authority, they must be put on adequate notice of their

alleged role in this regard. The reality is that they did not and could not have voted on Plaintiff's removal, yet the allegation is incorporated against them in each of the five counts. The realities of municipal government make plain that all the Defendants could not have participated in every act in which they are lumped together in the Proposed SAC.

Defendants are entitled to adequate notice of the claims against them and the grounds upon which each claim rests. The Proposed SAC's repeated lack of differentiation as between the acts and omissions of the various Defendants deprives them of such notice.

### ii. The Proposed SAC Incorporates Nearly All the General Factual Allegations Into Every Count.

As noted previously, four of the Proposed SAC's counts incorporates all but two of the general factual allegations into them without any effort to connect or separate which of the allegations relate to a particular count, rendering it a shotgun pleading. The fifth count, in turn, incorporates all the general factual allegations, the whole first three counts, and a portion of the fourth count. See e.g. Barmapov, 986 F.3d at 1325 (11th Cir. 2021); Vujin v. Galbut, 836 Fed. Appx. 809 (11th Cir. 2020); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997). Pelletier v. Zweifel, 921 F.2d 1465, 1470 (11th Cir. 1991), abrogated on other grounds by Bridge v. Phoenix Bond & Indemnity Co., 128 S.Ct. 2131 (2008).

This type of unbridled incorporation of factual allegations causes obvious problems already identified herein. Once again by way of example, but not limitation, count one attempts to assert a claim First Amendment retaliation stemming from Plaintiff's removal from the Parks and Recreation Board but, by virtue of the unlimited incorporation, includes factual allegations concerning Goldman's accusation against her for blackmail and extortion as well as facts occurring after her removal including the alleged political rallies held sixty feet from Plaintiff's bedroom windows.

As the Eleventh Circuit Court has held clearly and repeatedly, pleadings like the FAC do not provide adequate notice to the Defendants of the claims against them and the facts upon which those claims are predicated. Moreover, the onslaught of never-ending discovery and unmanageable court dockets cautioned against by the circuit court are likely to be realized here if the operative pleading is not required to comply with Rule 10 (b). Both parties and the Court would be well-served to require a more definite statement to address the matters noted herein, and the Belleair Beach Defendants respectfully request the Court grant such relief.

III. **IN ADDITION TO BEING A SHOTGUN PLEADING, THE PROPOSED SAC IS IMPERMISSIBLY REPLETE WITH LEGAL CITATIONS AND ARGUMENT.**

The Proposed SAC does not conform to pleading standards because it is impermissibly replete with legal citations, arguments, and conclusions.

It is well-settled in this District that it is improper to include legal citations and arguments in a complaint. See Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771, at *4 (M.D. Fla. Mar. 1, 2010) (stating that "[h]uge swaths of the [complaint] are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises—material proper in legal memoranda, but almost never proper in a complaint"); Antoine v. Sch. Bd. of Collier County, Florida, 2019 WL 913358, at *1 (M.D. Fla. Feb. 25, 2019) ("the Third Amended Complaint contains improper citations to legal authority and legal argument. . . . the Court expects Plaintiffs' next pleading to eliminate legal authority and arguments").

The Proposed SAC perpetuates the kind of defects that this Court has repeatedly rejected. Eleven of the twenty-two paragraphs include case citations, some citing to multiple cases. (¶¶ 48, 49, 50, 57, 58, 59, 60, 61, 62, 63, and 64). Similarly, seven of the thirteen paragraphs in Count II heavily rely on case citations. (¶¶ 72, 73, 74, 75, 76, 77, and 78).[3] Though of the thirteen paragraphs in Count III only three include case citations, paragraph 91 cites to three separate cases. (¶¶ 90, 91, and 92). Though Counts IV and V are not directed to the BB defendants, they collectively include six paragraphs citing four separate

---

[3] In addition to improperly citing to caselaw, the Proposed SAC confoundingly relies upon Defendant Macari's motion to dismiss (Dkt. 23) as though it is an admission by a party opponent, though its function is superseded by Plaintiff's attempts to file the Proposed SAC. (¶¶ 66, 80, 86, 106, and 107).

cases. (¶¶ 100, 101, 103, 111, 112, and 114).[4]  That nearly half of the substantive counts impermissibly rely legal citation and argument underscores the futility of the Proposed SAC.

As in <u>Antoine</u>, this Court should require Plaintiff to replead by, among other things, eliminating citations to legal authority and legal arguments.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the BB Defendants respectfully request this Court deny Plaintiff's Motion to file the Proposed SAC because the proposed amendment is futile owing to Plaintiff's perpetuation of a defective shotgun pleading.

<b><u>CERTIFICATE OF SERVICE</u></b>

I HEREBY CERTIFY that on this 24th day of September, 2021, the foregoing was filed with the Clerk of the District Court using the CM/ECF system which will provide an electronic copy to the Parties' counsel of record.

/s/ Jay Daigneault, Esq.
Jay Daigneault, Esq. - FBN: 0025859
Randol D. Mora, Esq. – FBN 0099895
Trask Daigneault, LLP
1001 South Fort Harrison Ave., Ste. 201
Clearwater, FL 33756
Ph: 727.733.0494; Fax: 727.733.2991
jay@cityattorneys.legal
randy@cityattorneys.legal
jennifer@cityattorneys.legal
*Attorneys for Defendants City of Belleair Beach,*
*Glenn R. Gunn, Jody J. Shirley, Rita T. Swope,*
*and David Gattis*