UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUNE VAN SCOYOC,

   Plaintiff,

v.

CITY OF BELLEAIR BEACH, GLENN R. GUNN, personally and in his official capacity as vice mayor of Belleair Beach, COUNCILWOMAN JODY J. SHIRLEY, personally and in her official capacity as Belleair Beach council member: COUNCILWOMAN RITA T. SWOPE, personally and in her official capacity as Belleair Beach council member, TOWN OF BELLEAIR SHORE, BARBARA A. COLUCCI, personally and in her official capacity as Belleair Shore town clerk, RICK COLLUCI, KEITH D. MACARI,: MARK J. GOLDMAN, COUNCILMAN MICHAEL DAVID GATTIS, personally and in his official capacity as Belleair Beach council member, and WENDY LEIGH GATTIS,

   Defendants.
_____/

Case No.: 8:21-cv-1490

## DEFENDANT KEITH MACARI'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant Keith Macari ("Macari"), by counsel, files this opposition to Plaintiff's Motion for Leave to Amend Complaint.[1] The grounds upon which this motion is based and the reasons it should be granted are as follows:

### Introduction

In response to Plaintiff's First Amended Complaint, Macari filed a Motion to Dismiss pointing out the obvious defect in her civil rights claims against him—she failed to allege that Macari acted under color of law. Undeterred, Plaintiff seeks leave to file a Second Amended Complaint which does not correct this deficiency. Rather than plausibly alleging facts to support a conclusion that Macari acted under color of law, she alleges Macari "believed he was acting under color of law…." [SAC ¶¶ 66, 80]. That is not enough. Because Plaintiff cannot state a claim against Macari in Counts I and II, her proposed Second Amended Complaint is futile.

Similarly, Plaintiffs proposed claims against Macari in Counts III and V are also futile. Count III fails because Plaintiff did not plausibly allege facts supporting her conclusory allegation that Macari was a member of a conspiracy, nor does she allege fact supporting the predicate claim for harassment or cyberstalking. Count V fails because the proposed Second Amended Complaint fails to plausibly allege a statement that is defamatory *per se*.

---

[1] Plaintiff has attached her proposed Second Amended Complaint to the Motion for Leave to Amend as Exhibit "A." Citations to the Proposed Second Amended Complaint will be "SAC ¶ __".

2

## Background

Plaintiff's SAC alleges she was subjected to civil rights violations and other wrongs by a vast conspiracy involving two municipalities, portions of the municipalities' leadership, and some private citizens. Notably, Plaintiff alleges that most of the Defendants hold positions of authority that would permit them to act under color of law. She does not, however, allege that Macari holds such a position.

Plaintiff attempts to plead four counts against Macari. In Count I, Plaintiff "sues Defendants" for First Amendment retaliation under 42 U.S.C. § 1983. [SAC ¶¶ 47-67] Count II attempts to assert a claim against all "Defendants" under 42 U.S.C. § 1983 for an equal protection violation under the Fourteenth Amendment. [SAC ¶¶ 68-80] In Count III, Plaintiff attempts to plead a state law claim for civil conspiracy against all "Defendants," alleging that they have engaged in harassment and cyberstalking, as well as by violating 42 U.S.C. § 1983. [SAC ¶¶ 81-93] Finally, in Count V, Plaintiff attempts to plead a claim for defamation per se against Macari. [SAC ¶¶ 104-114.][2]

With respect to Macari, Plaintiff alleges he "is a natural person and at all times relevant … resided in Belleair Beach, Pinellas County, Florida. [SAC ¶ 13] The SAC does not allege he is or was an employee, representative, or agent of either the City of Belleair Beach (the "City") or the Town of Belleair Shore (the "Town"). Similarly, the SAC does not allege that Macari has or had authority to act under color of law. In a

---

[2] Count IV for Defamation is not directed at Macari.

desperate attempt to rescue her civil rights claims, she alleges that Macari "believed he was acting under color of law." [SAC ¶ 66, 80]

Despite the lack of factual or legal support for her claims against Macari, Plaintiff sued Macari (and others) to "protect and vindicate fundamental constitutional rights. . . with respect to Defendants' retaliation and restriction on Plaintiff's right to freedom of speech, and other related issues." [SAC ¶ 1] Allegedly, Plaintiff is a former Chairperson of the City's Parks and Recreation Board. [SAC ¶ 25] She alleges that "[a]t a [Town] Commission Meeting on June 16, 2020, and acting solely as a private citizen, [she] exercised her First Amendment rights to criticize the behavior of Barbara Colucci with respect to her actions taken in an official capacity as the town clerk of [Town] and/or personally." [SAC ¶ 26] Plaintiff alleges that "Barbara Colucci then conspired with Councilwomen Shirley, Swope, Councilman Gattis, and Gunn … to remove the Plaintiff from her position as Chairperson of the [City] Parks and Recreation Board through their powers as council members, in retaliation for the Plaintiff speaking against Barbara Colucci." [SAC ¶ 27] Plaintiff further alleges that "[a]t some point thereafter, Wendy Gattis, Rick Colucci, and Goldman also joined the Conspiracy." [SAC ¶ 29]

Following her removal, in August 2020, Plaintiff served a notice of intent to sue on "all the relevant Defendants." [SAC ¶ 33] The notice of intent to sue is dated August 18, 2020, and references Plaintiff's removal from her position in the *past tense*. [SAC ¶ 33, Ex. A] Macari was not identified or targeted in the notice of intent to sue. [SAC Ex. A] After receiving the notice of intent to sue, on or about September 4, 2020, some

of Macari's Co-Defendants allegedly orchestrated a letter campaign to distribute Plaintiff's notice of intent to sue. [SAC ¶ 35]

Any alleged involvement by Macari does not occur until *after* the City removed Plaintiff from her role on the City's Parks and Recreation Board, *after* Plaintiff sent the City her notice of intent to sue, and *after* the alleged "letter campaign." Plaintiff alleges that "Conspiracy-member Defendant Macari [] contacted the undersigned law firm via both phone and email." [SAC ¶ 39]. Plaintiff also alleges that Macari posted a message on a social media platform, Nextdoor, criticizing Plaintiff's plan to sue the City. [SAC ¶ 40; Ex. D]

As discussed below, Plaintiff's claims against Macari have no factual basis or legal support. Consequently, Plaintiff's proposed Second Amended Complaint is futile and this Court should deny her motion for leave to amend.

## Argument and Incorporated Memorandum of Law

### I.  *Standard of Review.*

Leave to amend should be denied as futile "if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020).

In reviewing the SAC to determine whether it fail at the motion to dismiss stage, the Court must accept the allegations as true and construe the allegations in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004). Although the standard is not very high, some minimal pleading standards exist. *Id*. The complaint may be dismissed if the facts as pleaded do not state

5

a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L.Ed.2d 929 (2007).

Furthermore, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks and citation omitted); *Robinson v. Jewish Ctr. Towers, Inc.,* 993 F. Supp. 1475, 1476 (M.D. Fla. 1998) ("[T]he court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions."); *Cummings v. Palm Beach County,* 642 F. Supp. 248, 249–50 (S.D. Fla. 1986) (finding vague and conclusory complaint failed to state a *factual* basis for claims of race and age discrimination required to give defendant notice necessary to prepare defense). To survive a motion to dismiss, the plaintiff must do more than state legal conclusions; she must allege a specific factual basis for those conclusions or face dismissal. *Jackson*, 372 F.3d at 1263.

The Eleventh Circuit "imposes a heightened pleading requirement in section 1983 claims against individuals and plaintiffs cannot rely on 'vague or conclusory' allegations." *Epps v. Watson*, 492 F.3d 1240, 1242 (11th Cir. 2007).

II. *Counts I and II fail to state a claim against Macari under 42 U.S.C. § 1983 because Macari does not and cannot act under the color of law.*

Plaintiff cannot state a claim against Macari under 42 U.S.C. § 1983 because he does not and did not work for the City – her alleged former employer. "To maintain a cause of action under 42 U.S.C. § 1983, a plaintiff must establish that: (1) he or she suffered a deprivation of rights, privileges or immunities secured by the Constitution

6

and/or laws of the United States; and (2) *the act or omission causing the deprivation was committed by a person acting under color of law*. *Wideman v. Shallowford Cmty. Hosp., Inc.,* 826 F.2d 1030, 1032 (11th Cir. 1987). The Supreme Court has defined "acting under color of law" as acting with power possessed *by virtue of the defendant's employment with the state. West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988).

Plaintiff fails to plead, and cannot plead, any facts establishing that Macari acted under color of law. Macari is not a member of the City Council, nor was he during the relevant period as framed by the SAC. The SAC does not allege that Macari is or was a member of the City Council or was otherwise acting under the color of law. Likewise, Plaintiff does not allege that Macari is or was a member of the Town Commission. In fact, Plaintiff does not allege that Macari is a governmental employee or agent in any capacity. Plaintiff fails to allege that Macari had any authority, at any time relevant to the claims alleged in the SAC, to terminate Plaintiff's role with the City's Parks and Recreation Board. All Plaintiff alleges is that Macari "is a natural person and … resided in Belleair Beach, Pinellas County, Florida" and that he "believed he was acting under color of law." [SAC ¶ 13, 66, 80]

Because Macari is not a governmental employee, he has no powers by virtue of employment with the state and cannot act under color of law. Since Plaintiff must allege facts to show that Macari acted under color of law to state a 42 U.S.C. § 1983 claim against Macari, her claims necessarily fail. Therefore, this Court should deny

Plaintiff leave to amend because Plaintiff's claims for First Amendment Retaliation and violation of the Equal Protection Clause against Macari are futile.

### III. Count III fails to state a claim against Macari for civil conspiracy to violate Plaintiff's civil rights or to cyberstalk and harass her.

Plaintiff did not and cannot allege that Macari reached an agreement with the alleged conspirators to violate Plaintiff's rights. Similarly, Plaintiff did not and cannot plead a cause of action for harassment or cyberstalking, the underlying legal wrongs of the alleged conspiracy, against Macari.

#### A. Plaintiff fails to allege facts supporting her conclusory allegation that Macari was a member of a conspiracy.

To establish a *prima facie* case of conspiracy under § 1983, Plaintiff must allege, among other things, that the defendants "reached an understanding to violate [her] rights." *See Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation and alteration omitted). It is not enough for Plaintiff to plead the conclusory allegation that Macari was a member of the conspiracy. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("a bare assertion of conspiracy will not suffice."); *Marti v. City of Maplewood, Mo.*, 57 F.3d 680, 685 (8th Cir. 1995) "[T]he [appellants] must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement."). Instead, Plaintiff must plead facts to put Macari on notice as to when and how Macari reached an agreement with the other Defendants to violate her rights. *Bailey v. Bd. of County Com'rs of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992) ("the linchpin for conspiracy is agreement, which presupposes communication").

8

Plaintiff does not allege how or when Macari came to an agreement or reached an understanding with the alleged coconspirators to violate Plaintiff's rights. Plaintiff attempts to allege some conspiratorial agreement was reached by pleading that "Barbara Colucci then conspired with Councilwomen Shirley, Swope, Councilman Gattis, and Gunn" [SAC ¶ 27] and "[a]t some point thereafter, Wendy Gattis, Rick Colucci, and Goldman also joined the Conspiracy," [SAC ¶ 29] but she never alleges that Macari reached an agreement with the alleged conspirators.[3] Plaintiff's failure to allege facts supporting this element of the conspiracy claim is dispositive. The Court should deny Plaintiff's motion for leave to amend because her claim is futile.

B. *Plaintiff fails to allege facts supporting a claim for harassment or cyberstalking.*

Plaintiff has not pleaded the requisite facts to state a claim under Section 784.048, Florida Statutes.

    i. <u>Section 784.048, Florida Statutes.</u>

Section 784.048(1)(a), Florida Statutes, defines "harass" as "a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." Fla. Stat. § 784.048(1)(a). In turn, section 784.048(1)(b) defines a "course of conduct" as a "pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose. *The term does not include constitutionally protected activity such as picketing or other*

---

[3] Plaintiff's allegations regarding the formation of the conspiracy between the other parties are woefully insufficient under *Twombly*.

4818-4708-9660, v. 1

*organized protests.*" Fla. Stat. § 784.048(1)(b) (emphasis added). Finally, cyberstalking means[4]:

> 1. To engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person…
>
> *causing substantial emotional distress to that person and serving no legitimate purpose*.

Fla. Stat. § 784.048(1)(d) (emphasis added).

      ii. <u>Plaintiff fails to plead facts supporting a claim for harassment or cyberstalking.</u>

To support her claim for harassment and cyberstalking, Plaintiff ostensibly relies on a few different acts. First, Plaintiff alleges the "conspiracy" engaged in constitutionally protected political rallies [SAC ¶¶ 41-44], which the Florida Legislature excluded from the "course of conduct" definition. *See* Fla. Stat. § 784.048(1)(b). Plaintiff's allegations regarding the political rallies therefore lend no support to her claims for harassment or cyberstalking.

Plaintiff also appears to rely on the fact that Macari "contacted the undersigned law firm, Lento Law Group, via both phone and email."[5] [SAC ¶ 38] To the extent Plaintiff relies on Macari's call to her attorneys or the follow up email, those facts do not give rise to a claim for harassment. As an initial matter, Plaintiff pleads no facts at

---

[4] Fla. Stat. § 784.048(1)(d)(2) does not appear to be at issue.
[5] Macari reserves the right to file a motion to disqualify Plaintiff's counsel from representing Plaintiff at trial pursuant to Rules Regulating the Florida Bar 4-3.7(a) should she become a material witness.

10

all relative to what Macari said during the phone call, much less facts that would cause a reasonable person substantial emotional distress; she only pleads that Macari "contacted the undersigned law firm via both phone and email." The email, on the other hand, is attached to the SAC as Exhibit C. In the email, Macari wrote,

> Dear Ms. Ringer, I briefly spoke with you on Friday. I don't feel it was very professional of you to hang up on me. I believe I have every right to know what I am being sued for since your client is suing me as a resident of Belleair Beach. I would appreciate if you could send me the details regarding this lawsuit.

[SAC Ex. C]

To the extent Macari's telephone call and email were directed at any person, they were directed at Plaintiff's attorneys, not Plaintiff. To constitute harassment under Section 784.048(1)(a), Florida Statutes, the conduct must be directed at the person seeking relief. *See* Fla. Stat. § 784.048(1)(a). Furthermore, "Courts apply a reasonable person standard, not a subjective standard, to determine whether an incident causes substantial emotional distress." *Touhey v. Seda*, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014) (internal quotations omitted). And "the bar for establishing that a reasonable person would suffer substantial emotional distress is set fairly high." *Craft v. Fuller*, 298 So. 3d 99, 104 (Fla. 2d DCA 2020), *reh'g denied* (July 13, 2020).

 Based on the facts pleaded in the SAC, no reasonable person would suffer *substantial emotional distress* based on a phone call to their lawyer or the email to their lawyer attached to the SAC. "Under Florida law, a reasonable person does not suffer substantial emotional distress easily." *Burroughs v. Corey*, 92 F. Supp. 3d 1201, 1205 (M.D. Fla. 2015), *aff'd,* 647 Fed. Appx. 967 (11th Cir. 2016).

11

Several courts have rejected harassment claims based on more egregious behavior under the objective test applied to these claims. For example, in *Slack v. Kling*, 959 So. 2d 425, 426 (Fla. 2d DCA 2007), the court held that a voice message telling Kling to stay away from Slack's wife or Slack would make an "arrangement," while perhaps mildly threatening, would not have caused a reasonable person substantial emotional distress. Likewise, in *Touhey v. Seda*, 133 So. 3d 1203, 1204 (Fla. 2d DCA 2014), the court held that a reasonable person would not suffer substantial emotional distress as a result of Touhey visiting Seda's business on one occasion and calling twice or as a result of a single slightly menacing text message. Here, Plaintiff pleads no facts relative to the phone call or email that would cause a reasonable person to suffer emotional distress.

Moreover, neither the phone call nor the email constitute harassment because they served a legitimate purpose. Macari was trying to learn why Plaintiff intended to sue the City. "Whether the purpose for contact is 'legitimate' is evaluated on a case-by-case basis. ... However, courts have generally held that contact is legitimate when there is a reason for the contact other than to harass the victim." *Kendrick v. Glover*, 315 So. 3d 159, 161 (Fla. 1st DCA 2021) (citations omitted). Plaintiff pleaded no facts which suggest that the reason for Macari's contact with her attorney was to harass Plaintiff.

4818-4708-9660, v. 1

Plaintiff also alleges that Macari posted the following post to a social media site, Nextdoor:[6]

> **Kevin MCcry** · Belleair Beach
> Wow, my feelings are hurt by council members so I am going to sue the residents of Belleair Beach. Grow up. I called the lawyer to ask her what she is suing me for as a resident of Belleair Beach. She mentioned something about the 1st amendment and then she hung up on me. So much for my 1st amendment rights. Such a frivolous lawsuit against us. I think each of us should call the lawyer and ask why she is suing us. Likely has a legal obligation to speak with us since we are being sued.
> 1 hr ago   Like   Reply

[SAC ¶ 40, Ex. D]. The post was not "directed at" Plaintiff. Macari did not tag Plaintiff in the post, and she was not the intended recipient of the communication. *See Horowitz v. Horowitz*, 160 So. 3d 530, 531 (Fla. 2d DCA 2015) ("Mrs. Horowitz was not "tagged" or mentioned [in the Facebook post], nor were the posts directed to her in any obvious way. Unlike email communication, which this court considered to be cyberstalking in *Rodriguez–Linares,* 143 So.3d at 1071, posts to one's own Facebook page are not directed at a specific person but are instead posted for all of the user's Facebook "friends" to see, depending on the user's privacy settings."); *Scott v. Blum*, 191 So. 3d 502, 504 (Fla. 2d DCA 2016) (explaining that emails sent to more than

---

[6] Nextdoor is a social networking service for neighborhoods.

13

2000 recipients *about Blum* did not fall within the meaning of cyberstalking in section 784.048(1)(d)(1) because they were not "directed at" him given that "[t]he emails were not 'addressed' to Mr. Blum, and nothing indicate[d] that Mr. Blum was an intended recipient.") (emphasis added). While the Nextdoor post may reference Plaintiff, that is not enough to establish that the post was "directed at" Plaintiff.

Even if the single Nextdoor post were directed at Plaintiff—it was not—it is insufficient to establish a "course of conduct." By statutory definition, "stalking requires proof of repeated acts." *Pickett v. Copeland*, 236 So.3d 1142, 1144 (Fla. 1st DCA 2018) (quoting *Lukacs v. Luton*, 982 So.2d 1217, 1219 (Fla. 1st DCA 2008)). The single Nextdoor post, standing alone, cannot establish a "course of conduct." Moreover, the Nextdoor post would not cause a reasonable person substantial emotional distress under the objective test this Court must apply. *Kendrick v. Glover*, 315 So. 3d 159, 161 (Fla. 1st DCA 2021) ("Substantial emotional distress is evaluated by an objective standard, based on the totality of all circumstances, and is not easily suffered.").

Ultimately, Plaintiff pleaded no facts that would support a claim for harassment or cyberstalking as defined by Section 784.048, Florida Statutes. Therefore, her claim fails and the Court should deny leave to amend because the proposed Second Amended Complaint is futile.

**IV.** *Count V fails to state a claim against Macari for defamation per se.*

Plaintiff's claim for defamation per se against Macari fails to state a cause of action and is therefore futile. To state a claim for defamation, a plaintiff must

14

plausibly allege the following five elements: (1) publication; (2) falsity; (3) the defendant acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory. *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1317 (S.D. Fla. 2020). Plaintiff alleges Macari posted the following to Nextdoor:

> **Kevin MCcry** · Belleair Beach
> Wow, my feelings are hurt by council members so I am going to sue the residents of Belleair Beach. Grow up. I called the lawyer to ask her what she is suing me for as a resident of Belleair Beach. She mentioned something about the 1st amendment and then she hung up on me. So much for my 1st amendment rights. Such a frivolous lawsuit against us. I think each of us should call the lawyer and ask why she is suing us. Likely has a legal obligation to speak with us since we are being sued.
> 1 hr ago   Like   Reply

[SAC ¶ 40; Ex. D].

    A. *The alleged statement is not defamatory.*

"A false statement of fact is the *sine qua non* for recovery in a defamation action." *Byrd v. Hustler Magazine, Inc.*, 433 So.2d 593, 595 (Fla. 4th DCA 1983). "Under the substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true." *Smith v. Cuban Am.*

15

*Nat'l Found.*, 731 So.2d 702, 706–07 (Fla. 3d DCA 1999) (citations omitted) (explaining falsity only exists where "the publication is substantially and materially false, not just if it is technically false"). "A statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Id*. at 706 (internal quotation marks omitted).

"Whether a statement is susceptible to defamatory interpretation is a question of law left to the Court." *Id*. That question of law turns on the "gist" of the alleged defamatory statement and the context in which that statement was made. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1107-08 & n.12 (Fla. 2008).

In analyzing the gist of the allegedly defamatory statement, a court "must consider all the words used, not merely a particular phrase or sentence." *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983) (citation omitted); *Turner v. Wells*, 879 F.3d 1254, 1267 (11th Cir. 2018) (admonishing plaintiff for "cherry pick[ing] statements … out of context"). Only if a publication is susceptible of two reasonable interpretations, one of which is defamatory, does it become an issue of fact for the jury. *Turner*, 879 F.3d at 1269. But when a communication "could not possibly have a defamatory or harmful effect, the court is justified in dismissing the complaint for failure to state a cause of action." *Rubin v. U.S. News & World Report, Inc.*, 271 F.3d 1305, 1306 (11th Cir. 2001) (citation omitted).

4818-4708-9660, v. 1

Considering the gist of the Nextdoor post Macari allegedly wrote, it's clear it does not have a defamatory effect. And it's substantially true. Although Plaintiff did not sue the *residents* of Belleair Beach, the taxpayer residents of Belleair Beach will bear the cost of defending the lawsuit and, were a judgment to be entered against Belleair Beach, the taxpayer residents will bear that expense as well. The gist of the statement Macari allegedly posted is true.

### B. *Plaintiff failed to plausibly allege defamation per se.*

Defamation per se arises when statements, considered alone without innuendo, contain "(1) charges that a person has committed an infamous crime, or (2) has contracted an infectious disease, or (3) they carry statements tending to subject a person to hatred, distrust, ridicule, contempt or disgrace, or (4) to injure a person in his trade or profession." *Adams v. News-Journal Corp.*, 84 So. 2d 549, 551 (Fla. 1955).

Plaintiff, however, failed to allege how or why Macari's post would constitute defamation *per se* as to **Plaintiff**. Instead, she alleges that "Macari's conduct and publication was intended to subject **Attorney Ringer** to distrust, ridicule, contempt, and disgrace is his community be [sic] publishing this false statement." [SAC ¶ 110] But Attorney Ringer is not the Plaintiff. Count V contains no allegations which could plausibly support that the statement Plaintiff complains of contains "(1) charges that a person has committed an infamous crime, or (2) has contracted an infectious disease, or (3) they carry statements tending to subject a

17

person to hatred, distrust, ridicule, contempt or disgrace, or (4) to injure a person in his trade or profession." *Adams*, 84 So. 2d at 551.

The proposed Second Amended Complaint fails to plausibly allege a defamatory statement or that the statement rises to the standard of defamation *per se* and is therefore futile.

### V.     Conclusion.

Plaintiff's claims against Macari lack any basis in fact and have no legal support. Plaintiff fails to state and cannot state a claim against Macari under 42 U.S.C. § 1983 because he is not a governmental employee and cannot act under color of law. Separately, Plaintiff did not and cannot state a claim against Macari for conspiracy because she fails to allege facts establishing that Macari reached an agreement with his alleged co-conspirators to violate her rights and Plaintiff has not pleaded facts which support the predicate acts of harassment or cyberstalking. Finally, Plaintiff cannot state a claim for defamation per se because the gist of the statement upon which she relies is not defamatory, is substantially true, and would not subject Plaintiff to hatred, distrust, ridicule, contempt, or disgrace.

Because none of Plaintiff's claims in the proposed Second Amended Complaint state a cause of action against Macari, the proposed pleading is futile.

WHEREFORE, Defendant Keith Macari respectfully requests this Court to enter an order denying Plaintiff's motion for leave to amend, award him his attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b), and granting such further relief as the Court deems just and proper.

        Respectfully submitted,

        */s/ James C. Mooney*
        Kenneth G. Turkel – FBN 867233
        LEAD TRIAL COUNSEL
        E-mail: kturkel@bajocuva.com
        James C. Mooney – FBN 111668
        E-mail : jmooney@bajocuva.com
        BAJO | CUVA | COHEN | TURKEL
        100 North Tampa Street, Suite 1900
        Tampa, Florida 33602
        Tel: (813) 443-2199
        Fax: (813) 443-2193
        *Attorneys for Defendant Keith Macari*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 24, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

        */s/ James C. Mooney*
        Attorney