UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUNE VAN SCOYOC,

    Plaintiff,

v.                                                            CASE NO.: 8:21-cv-01490-MSS-JSS

CITY OF BELLEAIR BEACH, et al.,

    Defendants.

_____/

**DEFENDANT, WENDY LEIGH GATTIS'
MEMORANDUM IN OPPOSITION TO
SECOND MOTION TO AMEND COMPLAINT**

**I.    Introduction**

Defendant, Wendy Leigh Gattis (Ms. Gattis), submits this memorandum in opposition to Plaintiff's Second Motion to Amend Complaint (Doc #40). The Court should not permit Plaintiff to file the proposed Second Amended Complaint (SAC) based on futility. Specifically, it is futile to permit the filing of the SAC because the SAC does not resolve any of the problems in the Complaint or the First Amended Complaint (FAC) raised in Ms. Gattis' and the other defendants' motions directed toward the earlier complaints.

Ms. Gattis, a private citizen who is married to defendant and Belleair Beach councilman Dave Gattis (Mr. Gattis), was first brought into this case in the FAC. Ms. Gattis moved for a more definite statement because the FAC does not allege that Ms. Gattis engaged in any specific actionable conduct. Rather, the FAC and

the SAC both allege Mr. Gattis said at a meeting of the Belleair Beach City Council that he was voting to remove Plaintiff from the Belleair Beach Parks and Recreation Board (Board) because his wife, Ms. Gattis, told him to do so.[1]  After the City Council voted to remove Plaintiff from the Board, the FAC and the SAC allege that Ms. Gattis joined the conspiracy. There are then allegations of conduct attributable to the "defendants" generally, but no conduct specifically attributable to Ms. Gattis.

Ms. Gattis filed a motion for a more definite statement (Doc #35 ), seeking to require Plaintiff to identify the specific conduct attributed to her, rather than the "shotgun" pleading making general allegations about all of the "defendants". The FAC (and the SAC) allege generally that Ms. Gattis joined the conspiracy to remove Plaintiff from the Board after the Belleair Beach City Council already voted to remove her from the Board and that "defendants" made defamatory statements about Plaintiff without specifying the statements, who made the statements, who the statements were made to or when the statements were made. Ms. Gattis sought, in her motion for more definite statement, specific allegations regarding what Ms. Gattis did in furtherance of the conspiracy, how she is liable for the alleged conspiracy when she joined after the alleged wrong (removal from the Board) occurred, the specific defamatory statements made by Ms. Gattis, and how Ms. Gattis, a private citizen, could be acting "under color of state law" such that she could be liable for a 1983 violation. Since the SAC does not the change or add any additional allegations regarding Ms. Gattis, the SAC does not address any of

---

[1] This allegation is demonstrably false based on the video and audio recording of the meeting.

2

the infirmities raised in Ms. Gattis' motion. As such, granting leave to file the SAC (at least as to Ms. Gattis) would be futile and should therefore be denied.

## II. The Proposed Second Amended Complaint

Plaintiff seeks leave to file a five-count SAC. In Count I, Plaintiff incorporates 44 of the 46 factual allegations, "sues Defendants" for First Amendment retaliation, and then cites lengthy authority and argument. (¶¶ 47-67). In Count II, Plaintiff purports to assert against "all Defendants" a claim for an equal protection violation under the Fourteenth Amendment (¶¶ 68-80) and incorporates all but two of the factual allegations (¶ 68), and again cites lengthy authority and argument. In Count III, Plaintiff purports to assert a state law claim for civil conspiracy against all "Defendants" (¶¶ 81-93), alleging that "defendants" engaged in harassment and cyberstalking without alleging any specific act by Ms. Gattis; Plaintiff again makes legal argument in the allegations. Count IV purports to assert a claim for defamation against Defendant Goldman (¶¶ 86-95), and Count V purports to assert defamation, per se, against only Defendant Macari. (¶¶ 104–114). The Proposed SAC has the same defects identified in Ms. Gattis' previous motion for more definite statement and similar motions filed by other defendants. (Dkts. 14, 23, 25, 33, and 35).

## III. The Standard for Seeking Leave to Amend

A party seeking leave to amend a complaint after it has previously amended the complaint may only amend "by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15 (a). "The decision whether to grant leave to

amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Crim Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001).  Motions for leave to amend are generally held to a very liberal standard and leave to amend should be freely given when justice so requires.  See Fed. R. Civ. P. 15 (a) (2).  As a result, "the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend." Id. "Substantial reasons justifying a denial include undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment." Id (internal quotations omitted). The Court should deny Plaintiff's Motion to file the Proposed SAC because the amendment is futile at least as to Ms. Gattis.

**IV.   It is Futile to Permit the Proposed SAC Because it Suffers From the Same Defects as the First Amended Complaint**

The proposed SAC, like the FAC, does not allege any specific actionable conduct by Ms. Gattis.  In fact, the only specific conduct alleged against Ms. Gattis is that Plaintiff (falsely) alleges that Ms. Gattis told her husband to vote to remove Plaintiff from the Board.  No other specific conduct by Ms. Gattis is alleged in the SAC.  Rather the SAC, like the FAC, generally alleges defamatory statements were made by "defendants" without specifically alleging what statements were made, who made the statements, who the statements were made to, and when the statements were made.  As such, it is futile as to Ms. Gattis to grant leave to file the

4

SAC because it does not set forth a "short and plain" statement of the facts underlying the alleged claim against Ms. Gattis.

Further, the SAC is a "shotgun pleading" which violates Fed. R. Civ. P. 8 (a)(2) and 10 (b). *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit identifies four "rough types or categories of shotgun pleadings." Id., 792 F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. Id. at 1323. The fourth type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. The unifying characteristic of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Id.

Further, shotgun pleadings are routinely rejected by courts because "[e]xperience teaches that unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer

justice." *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 367 (11th Cir. 1996) (emphasis supplied); see also *Vibe Micro, Inc.*, 878 F.3d at 1293 (shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts").

Here the proposed SAC is defective because it does not separate each claim for relief into a different count. See Rule 10 (b); *Battiste v. Jenne*, 2006 WL 8432517 at *1 (S.D. Fla June 14, 2006). This is particularly problematic here because Plaintiff has incorporated nearly every alleged fact into every count. For example, the fifth count incorporates all of three counts and a portion of the fourth. Those facts do not arise from the same transaction or occurrence, violating Fed.R.Civ.P. 10 (b).

Further, the proposed SAC asserts multiple claims against multiple defendants without specifying which defendant committed which act, a direct violation of *Weiland*'s fourth category of shotgun pleadings. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (shotgun pleading because it is "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.") Ms. Gattis is lumped in with all of the other defendants, most of whom are government officials and others (such as Ms. Gattis) who are not, with no attempt to allege facts as to how Ms. Gattis and the other

6

private citizens could be acting under color of state law to be liable for a section 1983 claim.

The proposed SAC is also a shotgun pleading because it incorporates almost all of the general factual allegations into each count without any effort to connect or separate which of the allegations relate to a particular count. The fifth count, for example, incorporates all of the general factual allegations, into the first three counts, and a portion of the fourth count. The proposed SAC is therefore an improper shotgun pleading, making it futile to permit the amendment. See e.g. *Barmapov*, 986 F.3d at 1325 (11th Cir. 2021); *Vujin v. Galbut*, 836 Fed. Appx. 809 (11th Cir. 2020).

### V. The Proposed SAC Improperly Makes Legal Argument

It is improper to include legal citations and arguments in a complaint. See e.g., *Chevy Chase Bank, F.S.B. v. Carrington*, 2010 WL 745771, at *4 (M.D. Fla. Mar. 1, 2010) ("[h]uge swaths of the [complaint] are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises—material proper in legal memoranda, but almost never proper in a complaint"); *Antoine v. Sch. Bd. of Collier County, Florida*, 2019 WL 913358, at *1 (M.D. Fla. Feb. 25, 2019) ("the Third Amended Complaint contains improper citations to legal authority and legal argument. . . . the Court expects Plaintiffs' next pleading to eliminate legal authority and arguments").

Multiple paragraphs include case citations, some citing to multiple cases. (¶¶ 48, 49, 50, 57, 58, 59, 60, 61, 62, 63, 64, 72, 73, 74, 75, 76, 77, 78, 90, 91, 92, 100,

7

101, 103, 111, 112, and 114). It is futile to permit a proposed SAC which impermissibly cites legal authority and makes legal arguments in much of the pleading.

## VI. Conlcusion

Ms. Gattis requests this Court deny Plaintiff's Motion to file the proposed SAC because the proposed amendment is futile.

s/ John D. Goldsmith
John D. Goldsmith
FBN 0444278
Trenam, Kemker, Scharf, Barkin,
Frye, O'Neill & Mullis, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33602
Tel:  813-223-7474
Fax: 813-229-6553
jdgoldsmith@trenam.com
idawkins@trenam.com
svanboskerck@trenam.com
*Attorneys for Defendant Wendy Gattis*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2021, I electronically filed the foregoing **Defendant, Wendy Leigh Gattis' Memorandum in Opposition to Second Motion to Amend Complaint** with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing and copy to counsel of record:

Rook Elizabeth Ringer, Esq.
Lento Law Group, P.A.
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
reringer@lentolawgroup.com
*Attorneys for Plaintiff*

Thomas P. Scarritt, Jr., Esq.
Martin J. Champagne, Jr., Esq.,
Scarritt Law Group, P.A.
1405 West Swann Avenue
Tampa, FL 33606
courtpleadings@scarrittlaw.com
*Attorneys for Defendants,
Barbara A. Colucci and Rick Colucci*

Jay Daigneault, Esq.
Randol D. Mora, Esq.
Trask Daigneault, LLP
1001 S. Ft. Harrison Ave., Suite 201
Clearwater, FL 33756
jay@cityattorneys.legal
randy@cityattorneys.legal
jennifer@cityattorneys.legal
*Attorneys for Defendants City of Belleair Beach, Glenn R. Gunn, Jody J. Shirley, Rita T. Swope, and David Gattis*

Irene Porter, Esq.
Diana Sun, Esq.
Hicks, Porter, Ebenfeld & Stein, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131
iporter@mhickslaw.com
dsun@mhickslaw.com
bpaz@mhickslaw.com
eclerk@mhickslaw.com
*Attorneys for Defendant,
Mark J. Goldman*

                                          s/ John D. Goldsmith
                                          Attorney