# EXHIBIT "A"

January 27, 2022

**<u>VIA EMAIL</u>**

June Van Scoyoc
102 7th Street
Belleair Beach, Florida 33786
junevanscoyoc@outlook.com

Dear Ms. Van Scoyoc:

 Please accept this letter on behalf of defendants Town of Belleair Shore, Barbara Colucci and Rick Colucci (hereafter, "defendants") pursuant to Fed. R. Civ. P. 11.

 You have filed a Second Amended Complaint that includes allegations and legal claims against defendants that are not supported by existing law or a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; and make factual contentions that do not have evidentiary support. Defendants intend to file a Motion for Sanctions, a draft of which is attached, if plaintiff does not withdraw these claims within 21-days of the service of this letter.

 Specifically, the Second Amended Complaint includes violations of Fed. R. Civ. P. 11 as follows:

- The plaintiff alleges liability against the Town of Bellaire Shores ("the Town") based on "fail[ing] to hold its city clerk accountable as to violations of its code of ethics under section 3.02 of its charter." ¶55 of SAC. There is no legal basis for imposing liability against the Town for this alleged activity.

- The plaintiff alleges the Town and Barbara Colucci are liable in Count I for retaliatory discharge of plaintiff in violation of her First Amendment Rights. However, the plaintiff was a volunteer employee of the City of Bellaire Beach. The Town and Barbara Colucci, an employee of the Town, did not have the authority to terminate plaintiff nor were they involved in the termination of the plaintiff. The plaintiff was terminated from her position by the City of Bellaire Beach City Council. Therefore, there is no basis in fact or law for Count I against the Town and Barbara Colucci.

- The plaintiff alleges the Town and Barbara Colucci are liable in Count II based on the plaintiff's termination from her position by the City of Bellaire Beach City Council. Plaintiff alleges the termination violated her 14th Amendment rights under the equal protection clause. However, the plaintiff was terminated from her position by the City of Bellaire Beach City Council. The Town and Barbara Colucci, an

employee of the Town, did not have the authority nor were they involved in the termination of the plaintiff. Therefore, there is no basis in fact or law for Count II against the Town and Barbara Colucci.

- The plaintiff alleges a claim for civil conspiracy against Barbara Colucci in Count III. However, plaintiff fails to allege any facts that would constitute an actional claim for civil conspiracy against Barbara Colucci. Therefore, there is no basis in fact or law for Count III against Barbara Colucci.

- The plaintiff names Rick Colucci as a defendant in this case in the case caption and at ¶12, 29, 30 and 32. However, Rick Colucci is not named in any of the five counts of the Second Amended Complaint.

- The plaintiff has filed a Second Amended Complaint in clear violation of the court's Order entered on October 28, 2021 (Dkt. 48) requiring the plaintiff to address the pleading deficiencies in her prior First Amended Complaint and proposed Second Amended Complaint:

> Plaintiff and her counsel are cautioned that repleading frivolous claims without a fair basis in fact or law would be a violation of Rule 11 and could subject them to sanctions. Failure to replead within the allotted time may result in a dismissal of all claims WITH PREJUDICE. In preparing any Second Amended Complaint, Plaintiff should carefully consider the arguments advanced in Defendants' motions to dismiss in accordance with the instructions set out above. (Dkt. 48).

Fed. R. Civ. P. 11(c)(2) provides that if a party is notified of the deficiencies in a pleading and withdraws or corrects the challenged pleading within 21-days, sanctions shall not be awardable. However, if the challenged pleading is not corrected or withdrawn, the court may award attorney's fees or costs to the party bringing forth the Motion. Therefore, accept this letter as defendants' demand that plaintiff withdraw the foregoing claims and dismiss defendants from this lawsuit within 21-days.

Thank you for your attention to this matter.

Very truly yours,

Thomas P. Scarritt, Jr.