UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUNE VAN SCOYOC,

    Plaintiff,

v.   Case No: 8:21-cv-1490-MSS-JSS

CITY OF BELLEAIR BEACH, DAN GUNN, JODY SHIRLEY, RITA SWOPE, TOWN OF BELLEAIR SHORE, BARBARA COLLUCI, STEVE MARSH, KEITH MACARI, NICK DI CEGLIE, DAVID GUNN, JODY SHIRLEY, BARBARA COLLUCI, DAVID GATTIS, WENDY GATTIS, RICK COLUCCI, MARK GOLDMAN and GLENN GUNN,

    Defendants.
_____/

## ORDER

THIS MATTER is before the court on Defendant Keith Macari's Motion for Sanctions Pursuant to Rule 11 ("Motion") (Dkt. 64), Rook Elizabeth Ringer's Affidavit in Response to the Motion (Dkt. 68), and Defendant Keith Macari's Notice of Filing Amended Certificate of Service of the Motion (Dkt. 71). The undersigned held a hearing on the Motion on January 25, 2022. For the reasons that follow, the Motion is denied.

## BACKGROUND

Plaintiff June Van Scoyoc commenced this action on June 21, 2021 against nine Defendants asserting causes of action under 42 U.S.C. § 1983 and civil conspiracy under Florida law. (Dkt. 1.) Plaintiff subsequently filed a first amended complaint ("FAC") asserting claims against multiple defendants, including the City of Belleair Beach, the Town of Belleair Shore, five city and town officials, and four private individuals. (Dkt. 4.) On October 28, 2021, the court directed Plaintiff to file a Second Amended Complaint to cure deficiencies in the pleading. (Dkt. 48.) Plaintiff filed the Second Amended Complaint ("SAC") on November 17, 2021. (Dkt. 49.) Defendants moved to dismiss the SAC, and the motions to dismiss remain pending before the presiding district court judge. (Dkts. 50, 52, 53, 54, 57.)

In this Motion, Defendant Macari seeks sanctions against Plaintiff and her former counsel, Rook Ringer and the Lento Law Group, pursuant to Federal Rule of Civil Procedure 11. (Dkt. 64.) Defendant Macari argues that Plaintiff's claims against him in the FAC are frivolous and lack any factual support. In response, attorney Ringer contends that Defendant Macari failed to comply with the procedural requirements of Rule 11, that Plaintiff withdrew the FAC, and further that she became severely ill from COVID-19 and suffered a massive heart attack after the FAC was filed. (Dkt. 68.)

## APPLICABLE STANDARDS

By filing a document with the court, an attorney certifies, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the following: (1) that the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). Any attorney, law firm, or party who violates Rule 11(b) may be sanctioned. Fed. R. Civ. P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

A motion for sanctions under Rule 11 must be served pursuant to Federal Rule of Civil Procedure 5 before the motion may be filed with the court. Fed. R. Civ. P. 11(c)(2). The movant must serve the motion for sanctions on the opposing party and shall not file the motion with the court if the challenged paper or contention "is withdrawn or appropriately corrected within 21 days after service" of the motion. *Id.* This time period, referred to as the "safe harbor period" is intended to "allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days

without being subject to sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010).

## ANALYSIS

The court must first determine whether Defendant Macari complied with the procedural requirements of Rule 11. Federal Rule of Civil Procedure 11 was amended in 1993 to include the twenty-one-day safe harbor period. As the Advisory Committee explained, the safe harbor period was designed to provide a period of time for an offending party to remedy the offending conduct:

> The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Thus, where the allegedly offending party "formally or informally" withdraws the allegation or pleading at issue during the safe harbor period, "the motion should not be filed with the court." *Id.*

Plaintiff filed the FAC on July 4, 2021. (Dkt. 4.) On August 31, 2021, Defendant Macari's counsel sent a letter to Ms. Ringer by regular mail and email explaining that Defendant Macari intended to file a Rule 11 motion for sanctions and included a draft of the motion. (Dkt. 64-1.) Although the email address for Ms. Ringer was incorrectly noted on the letter and the email was never delivered, Defendant Macari also sent the letter and motion by regular mail. (Dkts. 64-1, 71.) Under Federal Rule of Civil Procedure 5, service on Ms. Ringer was complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Therefore, the safe harbor period ran from August 31, 2021 through September 24, 2021—twenty-one days from service of the motion, plus three additional days to account for service by mail. Fed. R. Civ. P. 6(d) (adding three days to a time period when service is made by mail under Rule 5(b)(2)(C)).

Before the Motion was served and the safe harbor period began to run, Plaintiff filed a second amended complaint on August 23, 2021. (Dkt. 36.) The court ordered the clerk to strike the pleading, as it was improperly filed without leave of court. (Dkt. 37.) On August 27, 2021, Plaintiff filed a motion for leave to amend the complaint (Dkt. 38), which the court denied without prejudice for failure to include the proposed second amended complaint. (Dkt. 39.) Plaintiff filed a renewed motion for leave to amend on September 10, 2021 (Dkt. 40), which the court granted. (Dkt. 48.) Plaintiff then filed the Second Amended Complaint ("SAC") on November 17, 2021. (Dkt. 49.)

On September 4, 2021, shortly after service of the safe-harbor letter, Ms. Ringer became severely ill with COVID-19. (Dkt. 68.) Ms. Ringer was unable to work for

many weeks, and upon recovering from the illness, Ms. Ringer suffered a massive heart attack on November 4, 2021.  (*Id.*)  Ms. Ringer remained uninvolved with the case during her illness and recovery and then moved to withdraw as counsel on December 22, 2021.  (Dkt. 63.)

The Motion addresses only the allegations in the FAC and does not mention the SAC.  (Dkt. 64.)  Yet, Plaintiff first attempted to withdraw the FAC and file the SAC on August 23, 2021, before the Motion was served.  (Dkts. 36, 71.)  Plaintiff then formally moved to amend the complaint—and thereby withdraw the FAC—on August 27, 2021, before the safe harbor period expired.  (Dkt. 38.)  Although the motion was denied, Plaintiff filed a renewed motion to amend on September 10, 2021, also before the safe harbor period expired.  (Dkt. 40.)  The SAC was filed on November 17, 2021, yet this Motion, directed only at the FAC, was filed on December 23, 2021.  (Dkt. 64.)  Defendant Macari has not filed a Rule 11 motion directed at the SAC as of the date of this order.

The FAC was effectively withdrawn before and during the safe harbor period when Plaintiff made three attempts to amend the complaint.  (Dkts. 36, 38, 40.)  *See Dude v. Cong. Plaza, LLC*, No. 17-80522-civ, 2018 WL 4043135, at *2 (S.D. Fla. Aug. 23, 2018) (finding that Rule 11 motion should not have been filed because plaintiff "effectively withdrew the offending pleading" by moving for voluntary dismissal before the period expired).  Notwithstanding, Defendant Macari persisted in serving and filing a Rule 11 motion directed at the FAC.  To the extent Defendant Macari contends the SAC includes the same sanctionable allegations as the FAC, Defendant

- 6 -

Macari had ample time to serve and file a motion directed at the SAC but failed to do so. *See O'Boyle v. Sweetapple*, No. 14-cv-81250-KAM, 2016 WL 9559919, at *2–3 (S.D. Fla. Feb. 22, 2016) ("If Mayor Morgan believed the amended complaint merited Rule 11 sanctions, he should have served a new Rule 11 motion challenging that pleading to begin a new safe-harbor period."); *Lomax v. Ruvin*, No. 09-23293-civ, 2011 WL 13267206, at *8 (S.D. Fla. Aug. 19, 2011), *report and recommendation adopted,* No. 09-23293-civ, 2011 WL 13267163 (S.D. Fla. Sept. 22, 2011) ("Therefore, to the extent that Defendant Taylor is seeking sanctions predicated upon the Amended Complaint, his Rule 11 Motion fails to comply with the safe-harbor requirements of Rule 11 and therefore should be denied.").

Accordingly, it is **ORDERED** that Defendant Macari's Motion for Sanctions (Dkt. 64) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Tampa, Florida, on March 15, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE